The cause was submitted without argument, and being continued *417 nisi for advisement, the opinion of the Court (which recites the facts agreed) was delivered at the following March term, in Suffolk, by
Parsons, C. J.
Crooker, being obliged to give bond with a surety for the faithful performance of the duties of his office, before he could receive his tax-bill and warrant, procured a draft of a bond; but as he had not provided a surety, a blank space was left, in the penal part of the bond for the insertion of the surety’s name, Cushing then agreed to be his surety, and executed the bond, the blank space not having been filled up, and delivered it to Crooker, who then carried it to one of the assessors, when the blank was filled with Cushing’s name in his absence, and then.Crooker executed it. And whether or not the filling up of this blank avoids the bond as to Cushing, is the question.
It is a general rule, that any material alteration of a bond alter execution, by the obligee, or even by a stranger without his privity, will avoid the bond (1). But to this rule there are exceptions ; as when the alteration is made by the consent of the parties after the execution (2) ; or if a blank space is left, and the party executing the bond agrees that it be afterwards filled up (3). And the party executing the bond, knowing that there are blanks in it to be filled up by inserting particular names or things, must be considered as agreeing that the blanks may be thus filled, after he has executed the bond. A practice to this point is mentioned in 1 Vent. 185, where the case of Zoueh vs. Claye is also reported. It is there said to be the common practice of sherilfs, in taking bonds for appearance, to leave blanks for the names of the sureties, when the principal * has executed the bond, and to fill up the [ * 540 ] blanks with the names of the sureties, when they are procured. To this point also may be cited the case of Pagot vs. Pagot, in chancery (4), where a deed of revocation, in which a new settlement was made, was held good, although after the execution blanks were filled up, and the deed was not again read to the party, nor re-executed by him. The purpose for which the blanks were left is not stated, but probably for a more accurate description of persons or things, contemplated by the deed.
In the case at bar, a blank was left in the penal part of the bond for the name of the surety as an obligor, the draft being of this form, “ Know all men by these presents, that we, Daniel Crooker, jun., and stand firmly bound to Joseph Smith, treasurer,” & 3. The condition is then expressed to be, that Crooker, the col *418 lector, shall execute his warrant, settle his accounts, &c. And it is agreed that Cushing consented to be the other obligor, and for this purpose executed the bond. This, we are satisfied, is sufficient evidence, that he consented that the blank might afterwards be filled by inserting his name. Therefore, notwithstanding this insertion, the bond is his deed, and the verdict must stand, (a).
K. Whitman, for the plaintiff.
Thomas, for the defendants.
There is another view of this subject, on which the verdict nay be supported. An alteration by erasure or addition, made by the obligee or a stranger, which will avoid a bond, must be in some material part. In this case, it is very clear that Cushing would be holden as an obligor, on his executing the bond, if the blank had never been filled up with his name. By filling up the blank, neither the rights or interests, duties or obligations, of either of the parties, are in any manner affected or changed, but remain the same as if the blank had continued. The filling up of the blank, then, is not á material alteration; and on this ground also, the verdict must stand.
[ * 541 ] * The parties having agreed that, if the verdict be not set aside, judgment shall be entered for the plaintiff to recover against the defendants the sum of 403 dollars, 76 cents. let. judgment be entered for that sum (b).

 Pigott’s case, 11 Co. 27.

 Zouch vs. Claye, 2 Lev. 35.

 Markham vs. Gonaston Moor. 547. — Cro. Eliz. 626. S. C.

 2 Ch. Rep. 187

а) Sed vide Powell vs. Duff, 3 Camp. 181. — England vs. Roper, 1 Stark. N. P. C. 304. —1 Bull. N. P. 266, 267, 7 Ed. Pigott’s case, 11 Coke, 27. — Sheldon vs. Hentley, 2 Shaw, 260. — 2 Roll. R. 39, 40. — Weeks. vs. Maillardet, 14 East. 568. — Moore & al. vs. Bickkam & al. 4 Binn. 1. — Horsely vs. Rush, 7 T. R. 209. — Steiglitz vs. Eggington, 1 Holt, N. P. 141. — Ball vs. Dunsterville, 4 T R. 313. It would seem, both from principle and authority, that any material alteration, by one interested therein, in a deed affecting any party who has previously executed it, must render the deed void as to such party, unless the altera» tian be made in his presence, with his assent, or be ratified by him upon the exhibition of the deed after the alteration in his presence, or, in case of his absence, be authorized or ratified by him, by writing under his seal. If he be present, and assenting at the time, or after it is made, it may be considered as afresh execution of the deed. Lord Lovelace’ case, W. Jones, 268. — Ball vs. Dunsterville, ub. sup. — Burn vs. Burn, 3 Ves. 578. —Paget vs. Paget, 2 Ch. Cas. 410. — Crosby vs. Middleton, 2 Ch. Cas. 99. — Texira vs. Evans, 1 Anst. 228, 229. — Speake & al. vs. United States, 9 Crunch, 28. — Whiting vs. Daniel, 1 Hen. & Munf. 391. — Woolsey & al. vs. Constant, 4 Johns. 55. — Barrington vs. The Bank of Washington, 14 S. & R. 405. — Oakley vs. Davis, 16 East. 82. — Cook vs. Remmington, 8 Mod. 227. — Zouch vs. Claye, 1 Vent. 185. — Pigott’s case, 2 Roll. Ab. 29.— Sams vs. Pitt, Moore, 359. — Keilw. 162. a. 164-5. But if he be absent where he has not the deed under his immediate control, and where he cannot be considered as capable of making a redelivery of the deed, a mere verbal authority to make the alteration, or a mere verbal ratification of itupon being informed thereof, will be insufficient to establish the deed as a new deed of such party. Steiglitz vs. Eggington, ub. sup. — Horsely vs. Rush, ub. sup. Nevertheless if the alteration do not affect some of the parties who have previously executed the deed, it will remain valid as to them, although it may affect other parties, and, as to them, be rendered void. Doe vs. Bingham, 4 B. & A. 674.

 Hunt vs. Adams, 6 Mass. 519. — Hatch & Ux. al. vs. Hatch & al. 9 Mass. 307. — Vide Jackson, ex dem. Malin, vs. Malin, 15 Johns. 293. — Dobson vs. Keyes, Cro Jac. 261.