Cuma, per
Nott, J.
This is a case somewhat of a new.impression, but it is not difficult to perceive what was the intention of the parties; and the question is, whether there is any technical objection to carry that intention into execution. Writing upon parchment or paper, signing, sealing and delivery, are the only requi-. sites of a deed. No particular form is required to give it effect. The form of a promissory note, in which the name of the maker is not mentioned, if accompanied with the solemnity of a seal, and the signature of the party, is as obligatory as á penal bond ; and if in the form of a penal bond, it would not be less so by omitting the names of the obligors in the body of the instrument. An instrument of writing in the singular number, if signed and sealed by two is equally obligatory on both, and the question now is, whether mentioning the name of one precludes the inference that the other was intended to be bound. Suppose that at any given period after a bond had been executed and delivered by one person, it became necessary to add another obligor, would not signing, sealing, and delivery by such other person make it his deed ? Would it be less obligatory on him because the name of the first obligor only was inserted in the body of the bond ? It would appear to me to require some considerable refinement to come to such a conclusion. In the case of Crosby vs. Middleton, 2 Rep. in Chancery 99, where the name of one obligor was omitted to be inserted in the bond by mistake, the Lord Keeper said the hand and seal were sufficient evidence, and the omission of the name a sufficient accident for equity to relieve against. *205 If that case is of any authority, it proves that the plaintiff may maintain a suit in equity on such a bond; and if, as the Lord Keeper said, the signing and sealing be sufficient evidence, I can see no good reason why it should not be as good at law as in equity. In 3 Wharton’s Dig. 79, it is said to have been decided in the state of Tennessee, that “ though the name of a party is not mentioned in a bond, yet if he signed and sealed it, he will be bound,” Williams vs. Green, 4 Heywood 294. In the case of Bartley and Ferguson vs. Yates, 2 Hen. and Mun. 398, it was held that a party was bound whose name was not inserted in the penal or obligatory part of the bond In that case some reliance was placed on the circumstance that the name of the party was mentioned in the condition. But that was relied on only as evidence of the intention, and could be of but little importance where the intention was otherwise sufficiently apparent; and of that I should consider the execution and delivery sufficient evidence. In the case of Joseph Smith vs. Daniel Crocker and others, 5 Mass. Rep. 538, the name of the surety had been omitted, and inserted after the bond was executed and delivered. The question was, whether that was such an alteration as rendered the bond void. C. J. Parsons, who delivered the opinion of the court, said it was clear that the surity would be held as an obligor on his executing-the bond, if the blank had never been filled with his name. The filling up of the blank was, therefore, not a material alteration. All these cases shew that inserting the name of the obligor in the instrument, adds no binding efficacy to the obligation. It is only -evidence of the intention of the party. It is contended that the intention must be collected from the instrument itself, and cannot be proved-by parol, and that the parol evidence which was given in this case, of the consideration for which the bond was .given, ought to have -been rejected. But the execution *206 and delivery of a deed is always proved by parol. It is the very object of the attestation by witnesses; and proving the consideration added nothing to the force of the obligation itself. No witness was called but the subscribing witness to the bond, and it does not appear to me that the objection could havé prevailed, if other witnesses had been called to the same facts. There are many instances of antient deeds having been executed in the presence of witnesses who are named cum multis aliis who, I presume, might have been called to prove the execution, if necessary. And the execution and delivery being proved, the deed itself furnishes evidence of the purpose for which it was executed. This case differs from those where we have held that signing and sealing a blank paper created no obligation. In those cases some essential requisite of a deed was wanting, which could not be supplied afterwards. But in this case there is nothing to be supplied. I am of opinion that we are authorized as well by the cases relied on as by the general principles of law, to support the decision of the Circuit Judge.

New Trial Refused.