## Pequawket Bridge *vs.* Joseph S. Mathes, Edmund Wentworth, Elias Wentworth, Benjamin Cook, and Richard K. Young.

Where a bond has been once rejected by the obligees, a re-execution is not required to render it valid in the hands of the obligees by an after acceptance.

The alteration in an instrument after delivery, made by the obligee, or a stranger, to affect its validity must be material.

Debt on bond dated the 14th day of July, 1832, in the penal sum of $3000, with condition to build a bridge over Saco river, &c.

Plea, *non est factum* and issue.

The case was tried on the above issue at October term, 1835, when the signatures of the defendants to the bond were duly proved, and the same witness testified, that at the time of execution the name of Richard K. Young was not in the penal part of the bond.

It was also in evidence, that Benjamin Bordman was

agent of the proprietors in building said bridge, and also a director.   Said Bordman testified that the bond was brought to the directors by said Joseph S. Mathes, for acceptance, purporting to be signed by said Richard K. Young and the other defendants, but that said Young's name not being inserted in the penal part of the bond the directors refused to accept it, whereupon he inserted the name of Richard K. Young in the penal part of the bond, and handed it to said Joseph S. Mathes, and told him to go to Young, and if he would acknowledge it to be right, the bond would be accepted ; and if Young refused so to acknowledge it, to go to the other signers, and if they agreed to it, to have Young's name, which he had inserted, stricken out ; that soon after, said Joseph S. Mathes brought back the bond, with the name of said Young stricken out, and the bond was then accepted by the directors.

It was contended by the defendants, that as the bond was rejected in the first instance by the directors, it ceased to be binding on the signers, and could never become binding on them unless it was reëxecuted.

Also, that said bond became void by striking out the name of said Young, without the consent of the other signers.

*Bartlett* and *Cutler*, for the plaintiff.

*Sullivan*, and *Sawyer*, and *Hobbs*, for the defendants.

Green, J.   The exceptions in this case cannot prevail.

The reëxecution of an instrument is necessary only in cases where a material alteration has been made in it since the first execution.   By such alteration it becomes a new instrument, and must be executed anew, to render it binding on the signers.

In the present case, there is not even a pretence for contending that the rejection of the bond in the first instance by the

directors, rendered a new execution necessary in order to <span style="float:right">Pequa't Bridge<br>*vs.*<br>Mathes et als.</span> make it effectual in the hands of the obligees by an after delivery and acceptance. If it were so, then the refusal to accept a note, bond, or other writing, by the person intended to be benefited thereby, would in all cases render a subsequent acceptance of it unsafe without the form of a re-execution. Such a requirement would in practice prove not only inconvenient but often times embarrassing ; and in truth militates too much with common sense to admit of a moment's countenance.

But it is contended that the bond became void by striking out the name of Richard K. Young, without the consent of the other signers.

In answer to this objection, it may be remarked, that the case clearly shows there was no fradulent design, either in inserting or striking out the name of Young. The insertion was made in the presence of Joseph S. Mathes, one of the other signers, and with his assent ; and was struck out while the bond was in his keeping. Mathes having the custody of the bond, and presenting it to the directors for acceptance, must be considered as acting, not only for himself, but as agent of the other signers in negotiating the business with the directors ; and from the facts in the case it is made highly probable that the other signers were consulted by him as to the act of erasing Young's name. But if they were not, yet, if being done while the bond was in the custody of Mathes, and when he was acting in the concern as their agent, it must be presumed as their act, until the contrary appears.

There is, however, a further and conclusive answer to this objection.

It was proved that Young signed and sealed the bond. By these acts it was effectually made his deed, and he would have been holden as an obligor had his name never appeared in the penal part ; the rights and obligations, therefore, of the parties remained the same, whether Young's

name, which had been inserted, continued in the bond or was stricken out. The erasure, then, was immaterial, and the validity of the bond not affected by it.

The rule is, that any material alteration of a bond, after execution, by the obligee, or even by a stranger, without the consent of the obligor, will avoid the bond. *5 Mass. Rep.* 538, *Smith* vs. *Crooker and others.* The erasure in this case was not by the obligees or a stranger, but by the obligors; and the alteration being immaterial, the exceptions taken in the case are not sustained, and there must be

*Judgment on the verdict.*