ESSEX COMPANY *vs.* BENJAMIN F. EDMANDS & others.

A person not the payee, who writes his name on the back of a negotiable promissory note before delivery, is liable as promisor and not as indorser, and neither parol evidence nor a mortgage given with the note as security for its payment is admissible to prove the contrary.

ACTION OF CONTRACT against the Lawrence Carpet Company, the executors of the will of John Raynor, and Samuel G. Wheeler, as joint promisors of three promissory notes payable to the plaintiffs, signed on their face by the company, and on the back, before delivery, the first " John Raynor, Samuel G. Wheeler," and the other two " Samuel G. Wheeler, John Raynor." The corporation was defaulted. The other defendants answered that they were liable as indorsers only.

At the trial the defendants offered to prove that the real agreements between the plaintiffs and Raynor and Wheeler, under which they wrote their names upon the back of the notes, was that the plaintiffs should receive the notes from the Lawrence Carpet Company, indorsed by Raynor and Wheeler, and that Raynor should be first and Wheeler second indorser on the first note, and Wheeler first and Raynor second indorser on the other, two; that they were not joint promisors on either note;

and that the notes had not been so protested for nonpayment as to charge indorsers. They also offered to prove these facts by the mortgage given at the same time with the notes, as a part of the same contract, and to secure their payment. But *Thomas,* J. ruled that Raynor and Wheeler, having signed said notes at their inception and before their delivery, were joint promisors thereon ; and that the evidence offered could not vary that liability ; and directed a verdict for the plaintiffs. The defendants alleged exceptions.

*H. F. Durant & G. H. Preston,* for the defendants. These indorsements gave the holder authority to write over them any contract not inconsistent with the nature of the transaction and the intent of the parties. Such a signature in blank, meaning nothing in itself, has not the effect of a written contract, but is an authority to write a contract according to the intent, and no other. This is the limit of its legal effect. That intent is to be ascertained by parol evidence, if any exists ; if not, the law, to avoid a nullity, will presume what the intent was, and carry it into effect, and will presume that this signature was made at the same time as the note, and created the liability of a joint promisor. Such signature is not a written promise, but only an authority to write a promise. And this authority is a presumption, not of law, but of fact, and as such to be rebutted or controlled by parol evidence. The presumption of law is that the signature was written for some purpose, and this cannot be controlled. The presumption of fact is that it was intended as an authority to write over it a promissory note ; but this presumption arises only in the absence of evidence of the real authority intended to be given, and does not arise when that authority can be shown. It supplies the place of evidence, but does not exclude it. *Moses* v. *Bird,* 11 Mass. 436. *Riley* v. *Gerrish,* 9 Cush. 106. *Hunt* v. *Adams,* 5 Mass. 358. *Davenport* v. *Mason,* 15 Mass. 89. *Union Bank* v. *Willis,* 8 Met. 509. Story on Notes, § 476, note.

Such evidence, when it exists, is admissible to prove the intent. *Sumner* v. *Parsons,* 1 Dane Ab. 416. *Josselyn* v. *Ames,* 3 Mass. 274. *Hunt* v. *Adams,* 5 Mass. 358, and 6 Mass. 519.

*Carver* v. *Warren,* 5 Mass. 545. *Barker* v. *Prentiss,* 6 Mass. 430. *Ulen* v. *Kittredge,* 7 Mass. 233. *White* v. *Howland,* 9 Mass. 314. *Sumner* v. *Gay,* 4 Pick. 311. *Tenney* v. *Prince,* 4 Pick. 385. *Baker* v. *Briggs,* 8 Pick. 130. *Mecorney* v. *Stanley,* 8 Cush. 85. *Pierce* v. *Munn,* 17 Pick. 244. *Austin* v. *Boyd,* 24 Pick. 64. *Samson* v. *Thornton,* 3 Met. 279. *Harris* v. *Brooks,* 21 Pick. 195. *Howe* v. *Merrill,* 5 Cush. 80. *Riley* v. *Gerrish,* 9 Cush. 104 *Chaffee* v. *Jones,* 19 Pick. 263. *Barrows* v. *Lane,* 5 Verm. 163. *Beckwith* v. *Angell,* 6 Conn. 315. *Perkins* v. *Catlin,* 11 Conn. 213. Story on Notes, § 476, note.

In this case, the promisor is not "I" or "we," but the Lawrence Carpet Company, excluding all other promisors and of itself showing that it was not intended that these defendants should be promisors. *Catlin* v. *Ware,* 9 Mass. 218. *Lufkin* v. *Curtis,* 13 Mass. 223. *Harper* v. *Gilbert,* 5 Cush. 417. *Abbey* v. *Chase,* 6 Cush. 54. *Hubbard* v. *Knous,* 3 Gray, 567.

The courts have repeatedly stated, that though bound by previous authorities to sustain the legal presumption that a blank indorser is a joint promisor, in the absence of parol proof to the contrary, they by no means approve the principle. The reason is, the belief of the person so indorsing that he assumes only the liability of an indorser and is entitled to the rights of an indorser; and both justice and equity require that he should not be deprived of those rights by a legal presumption. If any change is to be made in the law, let it be one that shall do justice to all parties, and let the power and authority of the holder be to write over the signature the contract of an indorser and no other. Such a contract may as well be written over such signature as any other, at least where the note is negotiable.

But in the present case the defence did not rest on parol evidence only. The mortgage offered by the defendants to prove the same facts, being given to the plaintiffs at the same time and as a part of the same agreement, and delivered to and accepted by the plaintiffs, and produced by them at the trial on notice, was competent evidence to prove these facts. Writings executed at the same time in relation to the same subject are

deemed one instrument, with a view to the construction of either; and where one refers to another, either tacitly or expressly, both are to be construed together; and one may even vary or add to as well as explain the other. 1 Greenl. Ev. § 283. 2 Cowen & Hill's Notes to Phil. Ev. (3d ed.) 517, 519. *Davlin* v. *Hill*, 2 Fairf. 434. *Hunt* v. *Livermore*, 5 Pick. 395. *Dilling·ham* v. *Estill*, 3 Dana, 23. *Bennock* v. *Whipple*, 3 Fairf. 349. *M'Dowell* v. *Hall*, 2 Bibb, 610. *Rice* v. *Rice*, 4 Pick. 349. *King* v. *King*, 7 Mass. 499. *Carey* v. *Rawson*, 8 Mass. 159. *Chickering* v. *Lovejoy*, 13 Mass. 51. *Sibley* v. *Holden*, 10 Pick. 250. *Makepeace* v. *Harvard College*, 10 Pick. 298. *Wheelock* v. *Freeman*, 13 Pick. 165. *Perry* v. *Holden*, 22 Pick. 277. *Freeman* v. *Boston*, 5 Met. 56. *Hunt* v. *Frost*, 4 Cush. 54. *Lee* v. *Dick*, 10 Pet. 482. *Rogers* v. *Kneeland*, 13 Wend. 114. *Raymond* v. *Wheeler*, 9 Cow. 295.

*E. Merwin*, for the plaintiffs.

SHAW, C. J. There is nothing to take this case out of the usual and long established rule, though perhaps, if a new question, it would be fairly open to argument.

The position which we think is settled in Massachusetts is, that if one not the promisee indorses his name in blank on the note, before it is delivered to take effect as a promissory note, the law presumes that he intends to give it credit by becoming liable to pay it in some capacity and on some terms. One natural legal result might have been presumed to be that he intended to be liable as second indorser; but this has long been held otherwise, and is now settled otherwise by authority. He cannot be held in the capacity of first indorser, for he is not payee, and no one but the promisee can be first indorser and put the note in circulation. If it be said he may, if he chooses. take upon himself the limited obligation of an indorser, the answer is, so he may, if he so expresses it before signing it, but not otherwise. If it be said that signing in blank leaves it equivocal whether he means to assume the obligation of promisor or indorser, and that the law makes no presumption on the subject, then the contract would be a contract between the holder and such indorser requiring evidence *aliunde* to show which was

intended, and that would make it in effect a parol contract to pay the debt of another, and void by the statute of frauds.

But it is intended when the blank is filled to have the character of a written instrument, and not to depend on parol proof to give it effect, and not to be altered or contradicted by parol evidence. The law does presume, and it is a strict legal presumption, that such indorser did intend to be liable in some form and to some extent. It does not charge him as indorser, though his name is on the back, unless by express terms. The case of an indorsement in blank supposes that there are no such express terms; therefore it must be either as promisor or guarantor. To that extent it is equivocal. But this does not leave it open to the holder to insert the one or the other contract over the name as he pleases. There are other considerations applicable to the subject.

The peculiar character of a contract of guaranty is that it is an independent contract between the holder of the note and the guarantor; it must be upon separate consideration. He is not a party to the note. Such guaranty may be on the note or made by a separate instrument, but in either case it is upon a distinct consideration. Therefore if the note was thus indorsed in blank, after it was delivered by the promisor to the promisee, it could not be a contract made upon the original consideration of advancing the money on the note, and participating in the same consideration with the promisor. He cannot therefore be held as promisor; he cannot be held except as guarantor. To hold him in the latter capacity a distinct consideration must appear.

Being a blank indorsement, of course no consideration appears on the face of it; but if it was put on after delivery, an instrument so indorsed in blank authorizes the holder to go into proof of the fact which such blank shows was intended to be supplied; it may be proved by parol testimony that there was a consideration as between the holder and guarantor, and what that consideration was, and the blank filled accordingly.

It follows therefore that in determining whether such blank indorsement constitutes an original promise, in which the per-

son giving it is held as one participating in the original consideration of the loan, or whatever it was, on which the promisor was bound, it is important that it should appear whether the name of such blank indorser was on the note when it was delivered by the promisor to the promisee. If it was not, the conclusion of law is that he was not a joint or original promisor. If it was, then the conclusion of law equally attaches that he was an original promisor.

The question of the delivery of a note must necessarily be a question of fact. It is something which occurs after the contract has been completely written, and it cannot appear on the note itself. A note, like a deed or other written instrument of contract, takes effect from its delivery. *Fay* v. *Richardson*, 7 Pick. 91.

It is said in some of the cases that if a note is produced by a holder, having the blank indorsement of one not the payee, the presumption is that it was on when he took it. And perhaps it may be so, as the presumption is that a note was made and delivered at its date. But this is a presumption of fact, and may be rebutted by proof that it was not so on the note when delivered, on which question of fact the case is for the jury and open to proof on both sides.

This view in some measure indicates the nature and the extent of the parol evidence which may be given in such case. It is always competent to give parol evidence of the fact whether the blank indorsement was made before or after the delivery of the note. If it is proved as a fact that the name was on before it was delivered to the promisee, it is conclusive of the legal character and effect of the contract, and parol evidence is not admissible to control such legal effect. But if the fact is proved that it was made after delivery to the promisee, parol evidence is admissible to prove a separate consideration to give it effect as a guaranty. Perhaps it is impossible to prescribe any exact rule as to the extent of such parol evidence. Some things, we think, are clear. Some parol evidence may be admitted to show the time and circumstances under which it was made and delivered. *Samson* v. *Thornton*, 3 Met. 275. On the

contrary, it would not be competent to show that the agreement was that the words " without recourse " should be written over the party's name. That would contradict the legal presumption that he intended to give credit to the note by binding himself in some form — which cannot be done. Precisely what are the limits it may be difficult to say before the cases arise.

It seems to be agreed on all hands, that the matter to be filled up by parol evidence must be consistent with the writing as far as it has gone. The ground on which any power of filling up a blank is warranted is, that the party, by delivering an instrument in blank, consented to such filling up. *Smith* v. *Crooker*, 5 Mass. 538. Of course it must be something consistent with the contract when delivered, and does not extend to the insertion of matter inconsistent. For instance, it has been said that the delivery of a blank note, with a name written across in the usual place of indorsement, would warrant the holder to fill it up on the other side with a note for any amount, payable to him who had thus left his name in blank. So suppose this written on a stamp, where stamps are required, it would not warrant an amount larger than the stamp would cover. So if a note be filled and signed, leaving a blank for the number of dollars, it would be a letter of credit for any amount covered by the stamp.

The question whether the promisee was surety or principal is a question between themselves only, and does not affect the rights of the holder.

It has been argued that the case of *Riley* v. *Gerrish*, 9 Cush. 104, expressed a different view of the law as to the admission of parol evidence from that which had been laid down in *Chaffee* v. *Jones*, 19 Pick. 263, *Union Bank* v. *Willis*, 8 Met. 509, *Howe* v. *Merrill*, 5 Cush. 80, and other previous cases. That case was left to the court on certain testimony of Mr. Hancock, so far as it was admissible. The decision was certainly right. There were words erased, and it was held that parol evidence was competent to prove that they were stricken out before the note was delivered, with a full understanding of the effect of thus erasing the words " as indorser." It is there stated that " this power of

filling up the blank is not arbitrary, but depends upon proof of the real negotiation." It would have been more accurate to say, "proof of the fact that it was signed before or after delivery; and, if after, then it would be competent to prove the consideration and an authority to fill the blank with words constituting a contract of guaranty." Another material consideration in that case was that the proof tended to show that it was an original contract between the promisee and such special indorser, and so was open to any and all questions respecting want and legality of consideration, which it would not have been if sued by an indorsee having taken it in the due course of business and not dishonored. It had been recently held in the case of *Howe* v. *Merrill*, that when a party had signed in due order as indorser, parol evidence was not admissible to show that he was bound as promisor. In the more recent case of *Wright* v. *Morse*, 9 Gray, 337, in the opinion given by Mr. Justice Dewey, some expressions in *Riley* v. *Gerrish* were set right.

Describing the notes in the mortgage as "indorsed," is a description of the notes simply to identify them; it was literally true, they were notes with the names of the defendant written on the back.                                  *Exceptions overruled.*