### JEFFERSON BURNS & wife *vs*. ALONZO V. LYNDE.

A bill in equity may be signed by attorney, and need not be sworn to, or contain an allegation that the person assuming to act as attorney is such in reality.

The husband of a married woman may join with her as plaintiff in a bill in equity, in a case in which he has no interest.

Filling up a blank form of a deed by parol authority of one who has signed and sealed it will not make it a valid conveyance of land, unless the instrument is redelivered after being completed in form.

A married woman who has signed and sealed a blank form of a deed, with parol authority to fill it up so as to convey her rights of dower and homestead in her husband's land, may, after the instrument has been so filled up in her absence, and signed and delivered by her husband, maintain a bill in equity to compel the person named therein as grantee to reconvey her estate in the premises, although upon being informed that the instrument had been filled up in conformity to her authority she assented thereto, and although upon the faith thereof the person named as grantee has rendered services to her husband, and furnished supplies to her family.

BILL IN EQUITY praying that the defendant might be ordered to reconvey to Mary Burns, the female plaintiff, her interest in certain real estate. The defendant filed a demurrer, which was overruled; and the case was heard by *Merrick*, J., who, after deciding that the said Mary was entitled to the relief prayed for in the bill, and that a decree to that effect ought to be made, reserved it for the final determination of the whole court. The case is stated in the opinion.

*S. E. Sewall*, for the plaintiffs, cited 1 Shep. Touchstone, 54; Com. Dig. Fait, A. 1; 2 Washburn on Real Prop. 554; *Hibble white* v. *M'Morine*, 6 M. & W. 200, 214; *M'Kee* v. *Hicks*, 2 Dev. Law, (N. C.) 379; *United States* v. *Nelson*, 2 Brock. 64; *Gardner* v. *Gardner*, 5 Cush. 483.

*T. H. Sweetser*, (*W. P. Harding* with him,) for the defendant, cited various of the cases referred to in the opinion, and *Harrison* v. *Tiernans*, 4 Rand. (Va.) 177; *Van Amringe* v. *Morton*, 4 Whart. 387; *Camden Bank* v. *Hall*, 2 Green, (N. J.) 583; *Boardman* v. *Gore*, 1 Stewart, (Alab.) 517; *Byers* v. *Mc Clanahan*, 6 Gill & J. (Md.) 250; *Bank of the Commonwealth* v. *Mc Chord*, 4 Dana, (Ky.) 191; Shep. Touchstone, 69; *Wood* v. *Beach*, 7 Verm. 522; *Frost* v. *Deering*, 21 Maine, 156; *White* v. *Vermont & Massachusetts Railroad*, 21 How. (U. S.) 525.

CHAPMAN, J.   The demurrer having been overruled, and the cause heard upon the evidence, all the matters in controversy are now before us, as well upon the demurrer as upon the merits of the case.   The causes of demurrer assigned are as follows :

1.   " That said bill had not been properly signed by the plaintiffs, but is signed by said Mary Burns alone."   It is in fact signed " Jefferson Burns, by Mary Burns," and " Mary Burns." No rule is referred to which prohibits him from making her his attorney to sign the bill, and we are not aware that any such rule or principle exists.

2.   " That said Mary Burns has not set forth, nor has she, any power of attorney to sign said bill in behalf of Jefferson Burns." It is true there is no allegation of a power of attorney, nor is such allegation necessary.   The husband is named as plaintiff in the bill, she has signed it on his behalf, and he appears to prosecute it ; and this is sufficient.

3.   " That said Jefferson Burns has not signed or sworn to said bill."   The matter of the signature is already disposed of ; and it is hardly necessary to say that a bill need not be sworn to.

4.   The other causes assigned relate to the merits of the case, the substance of them being that Mary Burns is not entitled to the relief which she seeks.

5.   But another formal cause was alleged at the hearing which should be considered here.   It is contended that, as the remedy sought is only for the wife, the husband is improperly joined with her as plaintiff.

Though a married woman may bring a bill for the protection of her separate interests without joining her husband, and may, in a proper case, make him a defendant, yet it is proper for her to join him as plaintiff with her in a case in which he has no interest.   This is because he is the natural protector of her interests, and is in conformity with the rule of law.   Story Eq. Pl. § 63.

We are brought, then, to the question whether, upon the allegations of the bill and the case as reported, Mary Burns has established her claim to the relief sought for.

The object of the bill is to set aside a deed, as to her, which

purports to be an absolute warranty deed of the land described in it, executed and acknowledged by her husband; and also executed by herself, for the purpose of releasing her rights of dower and homestead in the land. It appears by the report that when her seal and signature were affixed to the paper it was a printed form of a deed, in which none of the blanks had been filled up. She gave it to the defendant, who filled the blanks in her absence, by writing the names of the parties, the description of the land, the agreement of release on her part, and also the date and the other words necessary to complete it. After being thus filled, it was executed and acknowledged by her husband. The defendant offered to prove that when she signed it she authorized him to fill it up as he did; and that after it was filled up, and the husband had executed it, the defendant informed her of the facts, and she thereupon verbally assented to what had been done, and agreed that it should be taken to be her deed duly executed. This evidence was rejected; and the question presented is, whether these facts, if proved, would have made the instrument valid as her deed. The ancient doctrine of the common law, as stated in the authorities cited by the plaintiffs' counsel, is not denied. It is stated in Shep. Touchstone, 54, as follows: " Every deed well made must be written; *i. e.* the agreement must be all written before the sealing and delivery of it; for if a man seal and deliver an empty piece of paper or parchment, albeit he do there withal give commandment that an obligation or other matter shall be written in it, and this be done accordingly, yet this is no good deed."

This doctrine still prevails in England. The case of *Texira* v. *Evans*, which was tried at *nisi prius*, is cited in *Master* v. *Miller*, 1 Anstr. 228, in which Lord Mansfield held a contrary doctrine. In that case the defendant, wishing to raise money, had signed and sealed a bond, and placed it in the hands of an agent, with blanks for the sum and the name of the obligee. The agent borrowed the money of the plaintiff, and filled up the blanks with the sum borrowed and the name of the plaintiff. The deed was held good. But in *Hibblewhite* v. *M'Morine*, 6 M. & W. 200, the question arose in respect to a conveyance of

railway shares, which was required by statute to be by deed. The name of the purchaser had been left blank, and was written by him after the delivery of the conveyance to him. The point was thoroughly argued, and most of the English cases which had any bearing upon it were cited. Upon full consideration, the conveyance was held to be void. The case of *Texira* v. *Evans* was overruled. Parke, B. remarked that it had been justly questioned by Mr. Preston in his edition of Sheppard's Touchstone, " as it assumes there could be an attorney without deed." And he says of the defence in that case, that it is an attempt to make a deed transferable and negotiable like a bill of exchange or an exchequer bill, which the law does not permit.

In *Davidson* v. *Cooper*, 11 M. & W. 793, the case of *Texira* v. *Evans* is again referred to, and is declared to be overruled.

But the defendant's counsel contend that the English doctrine does not prevail in Massachusetts, New York and Pennsylvania. It is true that in the latter state the authority of *Texira* v. *Evans* is adopted, and the case is said to have overruled the authority of Sheppard's Touchstone, Perkins, and Coke upon Littleton. *Wiley* v. *Moor*, 17 S. & R. 438. It has also been adopted in New York, in *Woolley* v. *Constant*, 4 Johns. 54. In that case, a bill of sale of a ship had been executed, leaving blanks for the recital of the register ; and these were filled up after the delivery, by consent of parties. It was held to be valid, on the authority of *Texira* v. *Evans.* But the action was trover for the ship; and the court remarked that the bill of sale was perfectly competent, with the blank in it, to pass the property. The same case was again cited as authority in *Ex parte Kerwin*, 8 Cow. 118, where the bond would not have been valid without filling the blanks

None of the cases decided by this court adopt the authority of *Texira* v. *Evans*, though some of them give some countenance to its doctrines. In *Smith* v. *Crooker*, 5 Mass. 538, a treasurer had made a bond in which the name of a surety had been left blank ; and after delivery it was filled up. The bond was held good, on the authority of several ancient cases, the fact being specially noticed that the alteration was immaterial.

In *Hunt* v. *Adams*, 6 Mass. 519, the instrument in question was a promissory note, not under seal, and therefore the question did not arise. The immaterial word " year " had at first been omitted, and was afterwards inserted. But Parsons, C. J., in giving the opinion, cited the authorities relating to deeds, which he had before cited in *Smith* v. *Crooker*, and also said that in custom house bonds it was the practice to leave a blank for the amount of the duties when ascertained, to be filled after delivery, the obligors being considered as consenting that the blanks shall be thus filled up. The case of *Warring* v. *Williams*, 8 Pick. 322, decides that where an instrument was signed by several parties, and afterwards altered by the addition of a seal and the interlineation of the words "jointly and severally," a party to the instrument who was present and consenting to the alteration would be bound by it, though the others were not bound. But in the very next case of *Warring* v. *Williams*, Ib. 326, which was an action brought against another party to the same instrument, it was held that a signature in blank does not authorize anything to be written over it beyond a simple contract, and that authority to affix a seal requires a power of attorney under seal. *Parker* v. *Hill*, 8 Met. 447, merely decides that a ratification of the delivery of a deed may be proved by the acts and declarations of the grantor, and that his declarations made to a person who is not a party to the instrument are admissible in evidence. The editors of the American edition of the Exchequer Reports, in a note to *Hibblewhite* v. *M'Morine*, cite some of the above cases, and also the case of *Adams* v. *Frye*, 3 Met. 103, as adopting the doctrine that blanks left in a deed may be filled by consent of parties, after delivery. But the case of *Adams* v. *Frye* relates altogether to a different point. The alteration there considered was not the filling of a blank by consent, but procuring a person to subscribe his name as a witness after delivery, and without consent. The court held that it would not avoid the deed unless fraudulently done.

*Gardner* v. *Gardner*, 5 Cush. 483, cited for the plaintiffs, decides that a deed, signed for the grantor in his presence, and at his request, is good without a power of attorney. Its value as

bearing upon the question before us is, that it states accurately the distinction between acts done in the presence and by the direction of the principal, and acts done in his absence. The former are regarded as done by the principal himself, and the instrument need not purport to be executed by attorney, while the latter must be done under a power, and must purport to be so done. According to this distinction, it is held in England that where a deed is delivered containing blanks to be filled up, they may be afterwards filled in the presence and by the direction of the grantor, and the deed is valid. This is on the ground that such acts are equivalent to a redelivery of the deed in a perfect state by the grantor. *Hudson* v. *Revett*, 5 Bing. 368. The filling of the blanks in his presence and by his consent is equivalent to filling them by his own hand; the deed is then under his own control, and may be delivered as a perfect deed.

From this review of the cases decided in this court, it is apparent that they contain nothing decisive of the point before us. *Smith* v. *Crooker* is the most favorable to the defendant's views of any of them; but it does not go further than *Eagleton* v. *Gutteridge*, 11 M. & W. 466. In that case, a power of attorney had been executed abroad, and sent to the attorney with a blank for his Christian name. He filled the blank, and this act was held not to invalidate the instrument. But this decision was made by the same court that overruled the case of *Texira* v. *Evans*, and at the term prior to the decision of *Davidson* v. *Cooper*, and must have been regarded as consistent with that case, and with *Hibblewhite* v. *M'Morine*. If the filling of the blank is not material to the validity of the instrument, it may, according to that case and the case of *Smith* v. *Crooker*, be filled after delivery.

In the present case, there was no redelivery of the instrument after the blanks were filled. All that the defendant offered to prove was, that he communicated the facts to Mrs. Burns, and she assented to what he had done, and consented that he might hold it as her deed. If the deed had been present and exhibited to her at the time, and she had been made fully acquainted with its contents by reading or otherwise, and had it under her control,

Burns & wife *v.* Lynde.

and had then consented that the defendant should take it as her deed, it would have been legally delivered in a perfect state. But without the presence of the deed, nothing equivalent to this could take place.

When the paper was delivered, it had no validity or meaning. The filling of the blanks created the substantial parts of the instrument itself; as much so as the signing or sealing. If such an act can be done under a parol agreement, in the absence of the grantor, its effect must be to overthrow the doctrine that an authority to make a deed must be given by deed. We do not think such a change of the ancient common law has been made in this commonwealth, or that the policy of our legislation favors it, or that sound policy would dictate such a change. Our statutes, which provide for the conveyance of real estate by deed, acknowledged and recorded, and for the acknowledgment and recording of powers of attorney for making deeds, are evidently based on the ancient doctrines of the common law respecting the execution of deeds; and a valuable and important purpose which these doctrines still serve is, to guard against mistakes which are likely to arise out of verbal arrangements, from misunderstanding and defect of memory, even where there is no fraud. The present case shows how dangerous the contrary doctrine would be. Mary Burns states in her bill that the verbal agreement made between her and the defendant was, that her interest in her husband's land should be held to indemnify the persons who should become bail for his appearance at court, and for no other purpose, and that the deed was filled up as an absolute conveyance, contrary to this agreement. She makes oath to the truth of these allegations, and it is to be presumed that she believes them to be true. The defendant offered to prove the contrary; and probably he would have been a witness to prove his statement. It is to be presumed that he so understood the agreement. If this method of executing deeds is sanctioned, it will follow that, though the defendant has a regularly executed deed, yet it remains to be settled by parol evidence whether he ought to have been the grantee, what land should have been described, whether the deed should have been

absolute or conditional, and if conditional, what the terms of the condition should have been. To leave titles to real estate subject to such disputes would subject them to great and needless insecurity.

And in respect to agreements which do not relate to real estate, it is highly useful that a class of instruments should exist, to which persons may resort with a feeling of confidence that they shall not be binding till they are formally executed, and that when thus executed they shall not be liable to be varied or controlled by parol evidence. The importance of these formalities is greatly increased by the fact that parties are now made competent witnesses. The convenience which men might occasionally find in leaving blanks in sealed instruments to be filled after delivery, would be but a slight compensation for the evils which would follow the abrogation of the ancient rule of the common law.

The deed not having been executed by Mary Burns must be regarded as void, so far as her estate is concerned. It is valid as to her husband, so far as he could by his sole deed convey land in which a right of homestead existed ; that is, it conveyed his reversionary interest after the termination of the homestead estate. *Smith* v. *Provin,* 4 Allen, 516. As to the homestead estate and the wife's right of dower, the deed constitutes a cloud upon the title, and a bill in equity lies to remove such cloud, in cases where there is not a plain, adequate and complete remedy at law. 2 Story on Eq. § 700. *Hamilton* v. *Cummings,* 1 Johns. Ch. 517. *Scott* v. *Onderdonk,* 4 Kernan, 1.

It is obvious that Mary Burns could not maintain an action at law in respect to her right of dower; and as she is in the occupation of the premises, living in the dwelling house, she could not, without abandoning the possession, maintain a writ of entry in respect to her right of homestead. Stearns on Real Actions, 215, 216. Her only remedy is in equity.

The defendant contends that she has no equity which the court should enforce, until she pays his claim against the husband, being an account for services and expenses in defending the husband in several criminal prosecutions, and for supplies

furnished to the family. But the contract of a wife to become responsible with her husband as surety for the payment of his debts has no legal validity, and should not be regarded as valid in equity. We cannot extend her liabilities beyond the point where our recent legislation has carried them.

A decree should be entered that the defendant execute to Mary Burns a release of all the rights of dower and homestead which the deed purports to convey to him, to be framed according to the direction of the court; and that the plaintiffs recover their costs of suit.