## Richmond.

### KEEN'S EX'OR v. MONROE AND WIFE.

#### April 14.

1. An instruction which states several propositions, and which directs the jury if they believe that either of them is sustained by the evidence they shall find for the party asking the instruction, should not be given if either of the propositions is erroneous.

2. An instruction which refers a matter of law as well as of fact to the jury is erroneous, and should not be given.

3. Upon a plea of *non est factum*, the evidence showed that a scroll on the paper had been erased and another scroll made in juxtaposition to the name of the obl'gor. Whether this was done with his consent, was a question of fact for the jury; but whether it was a material alteration is a question of law for the court. And in the absence of fraud such an alteration is not material, and did not change the legal effect of the instrument.

4. When the bond was written a blank was left for the date. Whether this blank was filled before or after delivery, or whether with the knowledge or consent of the obligor was a question of fact for the jury; but whether it was material is a question of law for the court.

5. *Quære:* Whether the filling the blank with the date of the bond without the knowledge of the obligor, after its delivery, is such a material alteration as will vitiate and invalidate it.

6. If an instruction asked does not correctly expound the law the court, as a general rule, may refuse to give it, and is not bound to modify it, or give any other instruction in its place; unless the instruction asked is so equivocal that to give or refuse it might mislead the jury. In such case it would be proper to modify the instruction so as to make it plain.

This was an action of debt in the circuit court of Loudoun county, brought by J. William Monroe and Caroline D.

Monroe, his wife, against Fenton Furr, executor of George Keen, deceased, upon a paper of which the following is a copy:

2,000.

(U. S. rev. stamp $1.00.)

One day after date I promise and bind my-self, my heirs or administrators, to pay to Caroline D. Monroe, the just and full sum of two thousand dollars, for value received of her. As witness my hand and seal, this 7th March, 1870.

GEORGE KEEN. [Seal.]
Scroll.

Witness: LUCY T. KEEN.

The defendants pleaded "payment" and "set off," and also the plea of "*non est factum.*"

On the trial there was some contradiction in the evidence, as to when the date of the bond was written, and as to the seal; the scroll below the seal was partially erased. And the defendant asked the court to give an instruction to the jury, which is set out in the opinion of the court delivered by Judge *Anderson;* but the court refused to give the instructions, and the defendant excepted.

There was a verdict and judgment for the plaintiff; and thereupon Keen's executor applied to a judge of this court for a writ of error and *supersedeas;* which was awarded.

*R. H.* and *C. H. Lee,* for the plaintiff in error.

*Payne & Alexander* and *Powell,* for the defendant in error.

ANDERSON, J., delivered the opinion of the court.

This is an action of debt on a bond, purporting to be the bond of George Keen, the defendants' testator. Issue was

taken on a plea of *non est factum*, tendered by the defendant. In the progress of the trial, the defendant moved the court to give the following instructions to the jury: "That even should they believe from the evidence, that George Keen signed the paper, claimed in the declaration in this case to be his bond, and affixed his seal to said paper, and delivered it to the plaintiff, Mrs. Monroe, as his bond; yet if they further believe from the evidence, that after said paper had been so signed, sealed and delivered, it was changed or altered by cancelling, erasing, or changing the seal on said paper, or by adding a date thereto, or by altering said paper in any material way, then said paper is not the bond of George Keen, and the jury should find for the defendant; unless they also believe from the evidence, that all such additions or changes and alterations were made with the knowledge and consent of George Keen, and that he delivered said paper, so changed and altered, as his bond to the plaintiff." Which instructions the court refused to give; and the plaintiff excepted. The question upon which the case now turns is, did the court below err in refusing to give said instruction to the jury?

Under this instruction, if the jury believed from the evidence, that after said paper was signed, sealed and delivered by the said Keen to the plaintiff below, any change had been made in the seal, without the knowledge or consent of Keen, whether made by the obligee or a stranger, or if by the obligee, however innocently made, and though it may not have changed in any manner the legal effect of the instrument, they would have been bound to find for the defendant.

Or if they believed that a date had been added to the bond, after it had been signed, sealed and delivered, without the knowledge or consent of the obligor, though the adding the date was immaterial and did not change the legal effect of the bond, and however innocently done, they

were bound to find for the defendant; or if they believed that the bond was altered in any material way they were bound to find for the defendant.

If the jury believed that any one of these propositions was established by the evidence, though the others were not, if the instructions prayed had been given, they would have been bound to find for the defendant. And so, if *they* believed from the evidence that the instrument, after signing, sealing and delivery, had been altered, without the knowledge or consent of the obligor, *in any material* way, they were bound to find for the defendant; and they are made the judges whether the alteration was material or not. Whether alterations were made or not, after the signing, sealing and delivery of the instrument, without the knowledge or consent of the obligor, is a question of fact, which may properly be submitted to the jury; but whether such alterations were material or not, is a question of law to be decided by the court. *Steele's Lessee* v. *Spencer*, 1 Peters R. 552; *Stephens* v. *Graham*, 7 Serg. & R. 505; *Bowers* v. *Jewell*, 2 N. Hamp. R. 543. By the instructions moved by the plaintiff, the question of law, as well as of fact, was submitted to the jury, and upon that ground alone it would have been error in the court to have given them, if upon no other.

But we are of opinion that it would have been error upon the other alternative propositions. The evidence upon which the instruction was asked, as to the alteration or change of the seal, shows the partial obliteration or erasure of the scroll which was below the signature of George Keen, and a scroll made higher up, more immediately opposite to his name, and in juxtaposition with it. Whether this was done with the knowledge or consent of the obligor before delivery was a question of fact for the jury; but whether it was a material alteration, changing the legal effect of the instrument, is a question of law to be decided

by the court, and in the absence of fraud, which is not charged, nor shown, we are of opinion that such alteration was not material and did not change the legal effect of the instrument. Stephen's Digest of Ev., Art. 89; 1 Greenl. Ev. p. 715, § 566.

The evidence also upon which the instruction was asked, as to the adding the date, shows that when the instrument was written a blank was left for the date. Whether this blank was filled before or after the delivery, or whether with the knowledge or consent of the obligor, is a question of fact for the jury ; but whether it was material, is a question of law for the court. Mr. Minor maintains " that though there be no date, or a false or impossible date, the instrument is yet valid." 2 Minor's Institute, 737. " The true date is the time when the deed is proved to have been delivered." In *Preston* v. *Hull*, 23 Gratt. 600, the distinction was taken between the filling of a blank which constituted the paper a deed, without which it had no more legal effect than a blank piece of paper, and filling a blank which was not necessary to be filled to give effect to the instrument as a deed. If the deed can be enforced without filling the blank, filling it is immaterial. *Eagleton* v. *Gutteridge*, 11 Mees. & Welsb. 465 ; *Smith* v. *Crooker*, 5 Mass. R. 538 ; 2 Rob. Prac. (new), 15. See also *Ross* v. *Overton*, 3 Call. 309, and *Whiting* v. *Daniel*, 1 Hen. & Munf. 391. Most of the foregoing authorities are cited by appellees' counsel in their brief. They incline to the opinion that filling the blank with the date was not such material alteration as would vitiate and invalidate the deed. But it is an important question, and when decided ought to be well considered; but it is not necessary to be decided in this case, as however it might be decided, to have given the instruction as asked would have been error.

We are also of opinion that after refusing to give the instruction which the defendant below proposed to the

court to give, upon the ground that it did not rightly propound the law, it was not incumbent on the court, unasked, to instruct the jury as to what was the law.

If an instruction asked does not correctly expound the law, the court, as a general rule, may refuse to give it, and is not bound to modify it, or give any other instruction in its place unless the instruction asked for is so equivocal that to give or refuse it might mislead the jury; in such case it would be proper for the court to modify the instruction so as to make it plain. *Rosenbaums* v. *Weldon Johnson & Co.*, 18 Gratt. 785. From what has already been said, it will be seen that the instruction contained distinct propositions of law, which this court is of opinion are erroneous, and that to refuse to give the instruction without modification was not calculated to mislead the jury, or to make an impression adverse to the justice of the case. A party can only require the court to pass upon the proposition of law which he submits. He cannot by submitting an erroneous instruction impose upon the court the duty of giving a correct one. *Preston* v. *Leighton*, 6 Mary. R. 88 ; *Rathbone* v. *City Fire Insurance Company*, 31 Conn. R. 193 ; *Brooke* v. *Young*, 3 Rand. 106—cases cited by appellees' counsel. Upon the whole, the court is of opinion to affirm the judgment of the circuit court.

JUDGMENT AFFIRMED.