[No. 14276. In Bank. — March 26, 1892.]

# W. S. GREEN ET AL., RESPONDENTS, *v.* MRS. R. N. CLIFFORD, APPELLANT.

MECHANICS' LIENS — ABANDONMENT OF ORIGINAL CONTRACT — COMPLETION OF WORK BY SURETY — AGENCY FOR OWNER — FINDINGS — APPEAL. — Where the evidence is not before the appellate court, and the court below has found, in an action to foreclose mechanics' liens upon a house, that the original contractor for the erection of the house abandoned the contract and fled the country, and that the surety on his bond thereafter completed the building merely as the agent and foreman for the owner, and, as such agent, ordered the labor and materials for which the liens were claimed, the findings must be taken as true, and the contention cannot prevail, upon appeal by the owner of the house, that the surety carried out the contract, and that the rights of the lien-holders must be measured by the contract.

ID. — ASSIGNED LIENS — PLEADING — SEPARATION OF COUNTS — REFERENCE TO FIRST COUNT. — Where a plaintiff in an action to enforce mechanics' liens is also the assignee of several other lien-holders, it is necessary to state the cause of action upon each lien in a separate count; but where the first count is divided into paragraphs designated by Roman numerals, and each subsequent count commences with a reference to paragraph I. of the first count, which contains averments necessary to each count, as to the land on which the building was erected, and such paragraph is expressly made by the reference a part of the cause of action stated in each subsequent count as if incorporated therein, the judgment will not be reversed because such paragraph was not written in full in each of the counts.

ID. — PARTIES — CONTRACTOR — AMENDMENT AFTER STATUTORY TIME — OWNER NOT PREJUDICED. — The contractor is not a necessary party to an action by a material-man to enforce his lien against the owner of premises for materials furnished the contractor, so far as the rights of the owner of the building are concerned; and an amendment by the plaintiff to his complaint, making the contractor a party, after the statutory time for commencing the action has passed, cannot prejudice the owner of the premises.

ID. — ABANDONING CONTRACTOR NOT A NECESSARY PARTY. — A contractor is not a necessary party to an action to enforce liens for labor and materials furnished after the abandonment by the contractor of his contract.

ID. — HIRING FOR SPECIFIED WAGES — FINDING OF REASONABLE VALUE — IMMATERIAL VARIANCE. — Where some of the counts of the complaint allege a hiring by the owner, through her agent, of certain laborers at certain specified wages per day, and the court finds that all the amounts for which judgment was given were "the reasonable value of said work and materials done and furnished," there is no material variance between the complaint and findings prejudicing the substantial rights of the owner of the building.

XCIV. CAL.—4

APPEAL from a judgment of the Superior Court of Los Angeles County.

The facts are stated in the opinion of the court.

Wells, Monroe & Lee, for Appellant.

E. E. Powers, J. L. Murphy, Smith, Winder & Smith, Scarborough & Waterman, J. F. Waterman, Johnston & Borden, and Wilson & Bulla, for Respondents.

McFARLAND, J. — This is a consolidation of several actions brought to enforce liens of various mechanics and material-men against premises owned by defendant, Clifford. Judgment was rendered in favor of the plaintiffs, and defendant, Clifford, appeals from the judgment. There was no motion for a new trial. There is no bill of exceptions; and all the points made by appellant arise upon the pleadings and findings. There were general demurrers to all of the complaints, and also demurrers on some special grounds. There is no contention that the amounts of the liens claimed were not correct and just. Most of the points made are highly technical, and we will not attempt to notice all of them in detail.

1. The appellant, Clifford, on December 3, 1888, made a written contract with one Graham for the construction by the latter of a house on land owned by her for eighteen hundred dollars. This contract was recorded December 4, 1888; and immediately afterwards Graham commenced work on the house, and continued it until December 26, 1888, "when he abandoned the contract and fled the country." He had given a bond to Mrs. Clifford for the faithful performance of the contract, and on said bond one Sylvester was a surety. After the flight of Graham, the building was completed under the supervision of Sylvester; and appellant contends that Sylvester, as such surety, carried out the said contract of Graham, and that therefore the rights of all the respondents must depend upon and be measured by said contract. Upon this contention many of appellant's

points rest. The court, however, found that such was not the fact; and that after the abandonment by Graham, Sylvester was merely the agent and foreman for defendant, Clifford, and, as such agent, ordered the labor and materials mentioned in the various complaints, except in that of the plaintiff the Western Lumber Company. As there is no evidence before us, such finding must be taken as true. All of the labor and materials for which the liens sued on were filed were furnished after the abandonment by Graham, and to the appellant, through her agent Sylvester, except those furnished by said Western Lumber Company, which will be separately noticed hereafter. Hence the contention of appellant that the Graham contract must control the rights involved herein cannot be maintained, and all the incidents of that contention fall with it.

2. Among the plaintiffs, Green claimed and recovered the largest amount; and it is contended that all of his complaint, except the first count, was fatally defective. Green had a lien for work done by himself, and he was also the assignee of eleven other lien-holders; and it was necessary for him to put the cause of action upon each lien in a separate count. His first count was plainly divided into distinct paragraphs, accurately designated by Roman numerals from I. to X. Paragraph I. contained certain necessary averments as to the land owned by appellant upon which the building was erected, etc. The subsequent counts commenced in this way: "Plaintiff hereby refers to paragraph I. of the first cause of action hereinbefore set forth, and expressly makes said paragraph a part of this cause of action as if incorporated herein"; and appellant contends that the judgment should be reversed because paragraph I. of the first count was not written in full in each of the other counts.

It has never been the settled law here that the preliminary averments of a complaint can never be made part of subsequent counts by apt and express reference, and without being rewritten. In the opinion of the

court in *Pennie* v. *Hildreth*, 81 Cal. 131, where, in a second count, it was averred " that certain paragraphs of the first count are true," the pleading was hostilely criticised, and certain remarks were made which were *obiter dicta;* but nothing upon the subject was there decided. In *Haskell* v. *Haskell*, 54 Cal. 265, the court quotes approvingly from Chitty's Pleading as follows: " But unless the second count *expressly refers* to the first, no defect therein will be aided by the preceding count "; and the language which the court itself uses is substantially to the same effect.  Of course, each count must stand by itself; but it is not fatally defective because it incorporates, by reference, certain general averments which are in the same pleading, and which are necessary to all the counts, if the reference be so plain and explicit as to leave no doubt as to the meaning.  Such pleading is not, in general, to be commended; it may be, as it has been called, " slovenly," but it is not bad enough to upset a judgment.

3. As before stated, the Western Lumber Company, one of the plaintiffs, furnished the materials covered by its lien to Graham before he abandoned the contract. In its original complaint it did not make Graham a party, but afterwards, and after the statutory time for commencing the action, it amended its complaint by making said Graham a party; and appellant contends that this was fatal to the validity of the judgment.  We do not know of any law which makes the contractor a necessary party, so far, at least, as the rights of the owner of the building are concerned; and the contrary was substantially decreed in *Russ Lumber Co.* v. *Garrettson*, 87 Cal. 596.  But at all events the appellant could not be prejudiced by the amendment making Graham a party, although made after the statutory time for commencing the action.

It is also contended that there is no averment in the complaint of the Western Lumber Company of what amount, if any, was due from appellant to Graham on the contract.  It is doubtful if this point is raised by the

demurrer.   But it is averred that there is due and owing from appellant to said Graham, upon said contract, " an amount exceeding the sum due this plaintiff, as hereinbefore stated "; and there is a finding of the court to the same effect.   Under any view of the law, the pleading and finding are full enough to cover everything necessary in this case to have been pleaded or found on the subject.

4. Graham was certainly not a necessary party to the actions brought to enforce liens for labor and materials furnished after the abandonment of his contract.

5. Many points are made as to alleged variances between some of the averments of the various complaints and the findings, but we see no variances that are material or that prejudice the substantial rights of appellant. In a few of the counts for labor it is averred that the laborers were hired at certain specified wages per day, but it is alleged that the hiring was by appellant, through her agent, and the court found that all the amounts for which judgment was given were " the reasonable value of said work and materials done and furnished."

So far, at least, as appellant's rights are concerned, there are no valid objections to the constitutionality of the mechanic's lien law.

We do not deem it necessary to notice at large the many other minor points made by appellant. It is sufficient to say that we see no error in the record for which the judgment should be reversed.

The judgment is affirmed.

GAROUTTE, J., HARRISON, J., SHARPSTEIN, J., DE HAVEN, J., and PATERSON, J., concurred.