| 65 | 5 |
| s71 | 49 |

| 65 | 5 |
| 72 | 627 |

THE WESTERN SASH AND DOOR COMPANY v.
J. C. HEIMAN et al.
**No. 12058.**   (68 Pac. 1080.)

SYLLABUS BY THE COURT.

MATERIAL-MAN'S LIEN—*Parties in Foreclosure—Limitation of Action.* When an action to foreclose a material-man's lien is regularly brought against the owner of the premises within a year from the time of filing the statement, the contractor may be made a party thereto, upon the application of either party, after the expiration of a year. An action so commenced is not barred by the statute of limitations because such contractor is not made a party thereto before the expiration of the year.

Error from Leavenworth district court; L. A. MYERS, judge. Opinion filed May 10, 1902. Reversed.

*John H. Atwood*, and *W. W. Hooper,* for plaintiff in error.

*Bremermann & Wherry*, for defendants in error.

The opinion of the court was delivered by

GREENE, J. : The plaintiff in this action filed its statement in the office of the clerk of the district court of Leavenworth county on the 24th day of December, 1895, claiming a lien on certain lots in the town of Linwood, for material sold and delivered to the defendant in error the John Sailor Memorial. Methodist Episcopal Church of Linwood, Kansas, in the sum of $320.98. It stated that the material was used by the corporation in the construction and erection of improvements on the lots. On May 9, 1896, it commenced this action against the church corporation and its trustees to foreclose the lien. The amended petition, among other things, stated that in the month of August, 1895, the plaintiff entered into a contract with the trustees of the church, acting by and through one J. L. Buckner, a contractor, by which it sold and delivered to Buckner for said trustees the material mentioned in its lien statement; that all of said material was delivered to the trustees and by them received and placed upon the premises described; that on December 24, 1895, a notice of the filing of the statement for a lien was served on the trustees, with a copy thereof, which had an itemized account of the material so furnished attached thereto.

On the 29th day of July, 1896, the plaintiff again amended its petition by stating that J. L. Buckner was the principal contractor and the one who procured the lumber from plaintiff. The cause was continued from time to time until September 25, 1899, when,

upon the application of plaintiff, Buckner was made a party defendant and his name inserted in the original petition by interlineation.   Summons was issued but returned not served.   On March 5, 1900, a jury was impaneled to try the cause, and when the plaintiff offered to introduce evidence the defendants objected for the reason that the petition did not state facts sufficient to constitute a cause of action.   This objection was sustained, and, the plaintiff not desiring to amend, judgment was rendered against it for costs.

It is said that the court sustained this objection for the reason that Buckner, the contractor, was a necessary party to the action, and that, as he was not made a party within one year from the filing of the statement for a lien, the petition, on its face, shows that the cause of action is barred by the one-year statute of limitation, and, therefore, does not state facts sufficient to constitute a cause of action.   In this we think the court erred.   An objection to the introduction of evidence because of the insufficiency of a petition is not favored.   Upon such objection, the petition, and its intendments, will be construed with great liberality.   (*Mitchell v. Milhoan*, 11 Kan. 617 ; *The State v. School District*, 34 id. 237, 8 Pac. 208 ; *Robbins v. Barton*, 50 id. 120, 31 Pac. 686.)

This petition states a cause of action against the corporation, and as to it the action was brought in time.   Section 5121, General Statutes of 1901, provides that an action to foreclose a material-man's lien shall be brought within one year from the time of the filing of the statement.   This action was brought against the owner of the property within the year. Notwithstanding the statute provides that the original contractor shall be made a party, it does not provide that he shall not be made a party after the ac-

tion is commenced and after the expiration of one year. The purpose to be served by making the contractor a party is that he may defend, at his own expense, and the statute provides that, "if he fails to make such defense, the owner may make it" for him. (Gen. Stat. 1901, §5122.) For this purpose the contractor may be brought into the action at any time upon the application of either party, provided the action is properly brought against the owner of the premises within the year.

The petition in this case is carelessly drawn, and with reference to the lien statement, which is made a part of it, is somewhat inconsistent. The statement says that the material was sold and delivered to the church corporation direct, while the amended petition, inferentially at least, alleges that it was sold to Buckner as a contractor. If the statement for a lien is correct, Buckner is not even a proper party; if the allegations in the amended petition are correct, he is a necessary party.

While a motion to make more definite and certain should have been sustained, an objection to the admissibility of evidence, on the ground that the petition does not state a cause of action in its present condition, should have been overruled.

The judgment of the court below is reversed.

SMITH, CUNNINGHAM, POLLOCK, JJ., concurring.