# CHARLESTON

AUGIR v. WARDER *et al.*

Submitted March 11, 1914. Decided April 14, 1914.

1. MECHANICS' LIEN—*Pleading—Right to Amend—Time.*

In a suit by a material-man to enforce his mechanics' lien, brought within six months after he has filed his account in the clerk's office, the bill may be amended after the expiration of said six months for the purpose of making the contractor a party. Such amendment does not prejudice the owner of the property. (p. 104).

2. EQUITY—*Bill—Signing by Attorney.*

A bill in equity, proper in other respects, signed by the plaintiff in person, although not signed by counsel, is good on demurrer. (p. 105).

3. SAME—*Bill—Sufficiency of Signing.* .

Signing an affidavit appended to a bill, verifying its allegations, is a sufficient signing of the bill. (p. 106).

4. MECHANICS' LIENS—*Enforcement—Process Against Non-resident Defendant.*

It is not necessary to issue a formal summons against a defendant who is shown by affidavit filed with the clerk to be a non-resident. (p. 107).

(ROBINSON, JUDGE, absent.)

Appeal from Circuit Court, Taylor County.

Suit by O. G. Augir & Co. against Rebecca R. Warder and others, to enforce a mechanic's lien. From a decree for defendants, plaintiff appeals.

*Reversed and Remanded.*

*John L. Hechmer,* and *Mollohan, McClintic & Mathews,* for appellant.

*A. W. Burdett,* for appellees.

WILLIAMS, JUDGE:

This is the second appeal in this suit to enforce a mechanics' lien. The former appeal was taken by Mrs. Warder from a decree subjecting her house to sale to satisfy plaintiff's lien. The decree was reversed and the cause remanded with leave to plaintiff to amend his bill by making Henry Thomas, the

principal contractor, a party. The bill was so amended, but a demurrer interposed thereto was sustained and plaintiff's suit dismissed, and from that decree he has appealed.

Two specific grounds of demurrer were stated. One is that plaintiff had failed to make said Henry Thomas a party within six months after filing his mechanics' lien, and is, therefore, barred by the statute. The original bill was filed in time, and notwithstanding it was imperfect for failure to make Thomas, the contractor, a party, it stopped the running of the statute as to those who were made parties. Only Thomas could have any right to complain, and no lien is claimed against him. The suit was brought within the time prescribed by law, and plaintiff had the right of amendment as in any other suit. The general rule of law is thus stated in 27 Cyc. 344: "A defect which does not go to the validity of the lien, as a defect of that character in the pleading, may be cured by amendment, after the time limited for commencing proceedings; but an amendment after the time limited to supply a step which is prerequisite to the validity of the lien itself cannot be allowed, the lien having been discharged by the omission." In *Sash &c. Co.* v. *Heiman,* 65 Kan. 5, it was held, that a suit brought within a year to foreclose a material-man's lien was not barred by the failure to make the contractor a party within the year, and that the bill could be thereafter amended bringing him in. The statute of that state requires the suit to be brought within a year after filing the lien. With us the limitation is six months. A like decision of the same point was made by the supreme court of New York in *Kalt Lumber Co.* v. *Morgan,* 134 N. Y. Sup. 1098. And the supreme court of California, in *Green* v. *Clifford,* 94 Cal. 49, held that an amendment of the bill for the purpose of bringing in the contractor, after the expiration of the time allowed for the bringing of the suit, could not prejudice the owner. It was likewise so held in *Casserly* v. *Wayne, Circuit Judge,* 124 Mich. 157.

We perceive no reason for refusing plaintiff the right to amend in this case. The amendment was not a departure from the original averments, but was consistent therewith, and could not prejudice the owner. It did not relate to a matter which was essential to show plaintiff's cause of suit, but only

to bring in an omitted party whose interest in the suit appeared upon the original bill.

The other specific ground of demurrer is, that there is no allegation in the amended bill relating to defendant Thomas, and no relief prayed for against him. But counsel are in error on this point, for the amended bill does contain the following allegation: "that the said H. Thomas in plaintiff's original bill referred to is the Henry Thomas now made a party defendant to this amended bill; that said Henry Thomas was, at the time of filing said original bill and still is a non-resident of this State, and was then and still is, as plaintiff is advised and informed and now charges, insolvent and unable to pay any part of the debt due the plaintiff." And the prayer is that he "may answer as well the matters charged in the said original bill of complaint as in this amended bill; and that this plaintiff may have such relief as is prayed for in his original bill." The original bill avers that said Thomas contracted with Mrs. Warder to build her a house; that the material for which the lien is claimed and is sought to be enforced, was furnished to him to be used in the building; and that the same has not been paid for. These averments may be read in connection with the amended bill and are quite sufficient to show Thomas' relation to, and interest in the suit. The prayer is that the house and lot be sold to satisfy plaintiff's lien, and for general relief. A prayer against Thomas for specific relief would have been unavailing, as he is a non-resident and served only by order of publication. A personal decree could not have been rendered against him on the prayer for general relief.

Objection is also urged to the amended bill because it is not signed by counsel. Whether this objection was made in the court below does not appear. It has been a general rule of chancery practice since the time of Sir Thomas More, that the bill should be signed by counsel. This rule is recognized by all the text writers on chancery practice both in this country and in England. Daniels Chancery Practice (6th Amer. ed.) 311-312; Story's Eq. Pl. (10th ed.) Sec. 47; 1 Beach on Modern Eq. Pl., Sec. 84; 1 Barton's Chan. Pr., 284. Justice Story says: "The great object of this rule is, to secure regularity, relevancy, and decency in the allegations

of the bill, and the responsibility and guaranty of counsel, that upon the instructions given to them, and the case laid before them, there is good ground for the suit in the manner in which it is framed.'' The Supreme Court of the United States adopted it as a rule of equity practice in the federal courts. Dewhurst's Rules of Practice in the United States Courts, page 348, Rule 24. But the rule is not strictly adhered to in many of the states, and this is especially true of Virginia and West Virginia. Mr. Minor, Vol. 4, (3rd ed.) 1355, says: ''It is supposed that the same rule holds in Virginia, but the practice is very loose, and bills are often not signed at all.''

The usual practice in this state is for counsel to sign the plaintiff's name to the bill and then append his own signature as counsel. But it has been frequently held that a signing by the plaintiff in person dispenses with the necessity of signing by counsel. *Burns* v. *Lynde,* 88 Mass. 305; *Carleton* v. *Rugg,* 149 Mass. 550; *Chapman* v. *Banker & Tradesman Co.,* 128 Mass. 478; and *Johnson* v. *Johnson,* 1 Walker Ch'y. Rep. (Mich.) 309. This departure seems to ignore altogether the reasons given by Mr. Story for the rule, but nevertheless the modern tendency is toward liberality rather than restriction in practice. By a federal statute, Sec. 747, Rev. Stat. U. S., persons are permitted to manage their causes in the federal courts in person and without counsel. What bearing this statute has on the equity rule of practice in the federal courts, above referred to, we are not able to say, and it is not necessary to inquire into it. It suffices to say that the rule has never been strictly adhered to either in Virginia or in this State; and we know of no positive rule of law which prohibits a person from signing his bill in his own proper person and conducting his suit without counsel, if he chooses to do so, and our conclusion is, that a bill, proper in other respects, signed by the plaintiff, is good although not signed by counsel. This court held, in *Dever* v. *Willis,* 42 W. Va. 265, that a writing, purporting to be a bill in chancery, not signed by any one, was bad on demurrer. The amended bill in this case is not only signed by the plaintiff but is sworn to by him. His signing of the affidavit appended to the bill was a sufficient signing of the bill. *Johnson* v. *Johnson, supra.*

Complaint is made that no writ of summons issued against defendant Thomas, pursuant to section 5, chapter 214, serial section 4741, Code 1913. That section applies to resident defendants. Section 11 of that chapter is the law relating to the manner of summoning a non-resident, and it provides that it may be done by order of publication, either upon affidavit of his non-residency, or that plaintiff has used diligence, without effect, to ascertain in what county he resides, or that process directed to the officer of the county in which defendant resides has been twice delivered to such officer more than ten days before the return day and has been returned without being executed. Any one of the alternative provisions entitles plaintiff to an order of publication. The order of publication recites that, "it appears by affidavit that the defendant Henry Thomas is not a resident of this State." The affidavit was for the clerk's information, and was his authority for issuing the order of publication. The recital in the order of publication is sufficient to show the filing of such affidavit. The affidavit itself is not made a part of the record, nor does it appear that it was attacked in the court below. We must assume, on this appeal, that it showed a compliance with the statute. It was not necessary to issue a regular summons against Thomas when it appeared by affidavit filed with the clerk that he was a non-resident. It was error to sustain the demurrer and dismiss plaintiff's suit, and the decree must be reversed, and the cause remanded for further proceedings to be had therein according to the rules and principles governing courts of equity.

*Reversed and Remanded.*