HERMAN NIEHAUS *v.* C. B. BARKER CONST. Co. *et al.*

(*Jackson.*   April Term, 1916.)

1. MECHANICS' LIENS.   Pleading.   Amendment.   Limitations.
In a suit to establish a mechanic's lien, complainant did not make
the trustees under a prior mortgage parties before the ex-
piration of the ninety days from the service of notice of lien.
An amended bill in which the trustees were named as defend-
ants was filed.   In that bill the complainant prayed that the
court determine the interest, if any, held by the trustees, and
that, if the mortgage be found a valid prior lien, complainant
be permitted to subject the equity of defendants to the satis-
faction of his claim.   Shannon's Code, section 4495, declares
that at any time before trial new parties may be added.
*Held* that, as no relief was sought against the trustees, the
notice required by section 3536, which is a condition pre-
cedent to a mechanic securing priority over the mortgage, not
having been served, the amendment will be treated as re-
lating back to the original bill, and the trustees cannot defeat
the bill on the plea of limitation.   (*Post, pp.* 386-390.)

Cases cited and approved:   Lane v. Marshall, 48 Tenn., 30;
Fulghum v. Cotton, 74 Tenn., 596;   Blackburn v. Clarke, 85
Tenn., 506;   King v. Patterson, 129 Tenn., 1;   Miller v. McIntyre,
6 Pet., 61;   Flatley v. Railroad, 56 Tenn., 230;   Burgie v. Parks,
79 Tenn., 84;   Love v. Railroad, 108 Tenn., 104;   Brooks v.
Brooks, 59 Tenn., 12.

Codes cited and construed:   Secs. 3536, 3540 (S.);   Sec. 4495 (S.).

2. MECHANICS LIENS.   Pleading.   Amendment.   Limitations.
In such case the contractor and mortgagor cannot defeat the lien
because the trustees of the mortgage, who held the legal title,
were not brought in within the ninety-day period;   for, while
such parties were indispensible, yet, as no relief was sought
against them, limitations do not apply any more than where the
contractor is not originally made a party.   (*Post, pp.* 390-392.)

Niehaus v. Construction Co.

Cases cited and approved: Harrison v. McCormack, 122 Cal., 651; Green v. Clifford, 94 Cal., 49; Western Sash, etc., Co. v. Heiman, 65 Kan., 5; Casserly v. White, 124 Mich., 157.

Case cited and distinguished: Met. Life Ins. Co. v. People, 209 Ill., 42.

3. **ATTACHMENT. Amendment of bill. Effect.**
Where one seeking a mechanic's lien failed to make the trustees of a prior mortgage parties, but later brought them in by amendment, such amendment does not, under Shannon's Code, section 5237, declaring that the attachment laws shall be liberally construed, and plaintiff shall be permitted to amend any defect of form, destroy an attachment levied against the contractor and owner under the original bill. (*Post, pp.* 392-394.)

Cases cited and approved: Lillard v. Porter, 38 Tenn., 177; Watt v. Carnes, 51 Tenn., 532; Morrow v. Fossick, 71 Tenn., 129; Lookout Bank v. Susong, 90 Tenn., 590; Wilson v. Beadle, 39 Tenn., 512.

4. **ATTACHMENT. Proceedings. Change in theory of attachment.**
A plaintiff, who has attached a party's effects, both at law and equity, may dismiss his attachment at law and proceed in equity. (*Post, p.* 394.)

Case cited and approved: Magill v. Manson, 20 Grat. (Va.), 527.

5. **MECHANICS' LIENS. Perfection of lien. Parties.**
Where a prior mortgage on the premises upon which complainant sought a mechanic's lien had been discharged save as to a few mortgage bonds, the holders of which could not be discovered, and the amount of such had been deposited for payment, a mechanic's lien against the premises cannot be defeated because the trustees under the mortgage who yet held the legal title were not made parties within ninety days after serving notice as required by law; for in such cases the trustees were pratically nominal parties. (*Post, pp.* 394-397.)

Cases cited and approved: Williams v. Railroad, 129 Tenn., 680; Lane v. Marshall, 48 Tenn., 30; King v. Patterson, 129 Tenn., 1;

Niehaus v. Construction Co.

Gillespie v. Bradford, 15 Tenn., 168; Reid v. Bank of Tenn., 33
Tenn., 262; Alley v. Lanier, 41 Tenn., 540; Daniel & Co. v.
Weaver, 73 Tenn., 392; Ragon v. Howard, 97 Tenn., 334.

FROM SHELBY

Appeal from the Chancery Court of Shelby County.
—FRANCIS FENTRESS, Chancellor.

J. W. CANADA and M. E. LESSER, for appellant.

H. H. BARKER and WILSON & ARMSTRONG, for ap-
pellees.

MR. JUSTICE GREEN delivered the opinion of the
Court.

The Chickasaw Hotel Company let a contract to the
C. B. Barker Construction Company to erect the
Chisca Hotel in Memphis.   The complainant was a
subcontractor employed to do the plastering and
metal lathing on the hotel building.   The account of
complainant not being paid, he gave notice as re-
quired by section 3540 of Shannon's Code, providing
for the lien of mechanics or materialmen, and there-
after, within ninety days, as required by the statute,
he brought an attachment suit to enforce the said lien
against the Chisca Hotel property.   Complainant
named as defendants to his bill the C. B. Barker Con-
struction Company, the Chickasaw Hotel Company,
and the Bank of Commerce & Trust Company.   The

last-named defendant was a trustee under a subsequent mortgage, and complainant's lien was superior to the lien of this mortgage.

After some delay the C. B. Barker Construction Company filed an answer denying the claim, and the Chickasaw Hotel Company filed a plea in abatement. The plea in abatement set out that the property was covered by a previous mortgage executed when said property belonged to the Citizens' Street Railway Company. It was averred in the plea that said original mortgage had not been satisfied, and that the attachment levied under complainant's bill was void, inasmuch as the trustees under this prior mortgage, who held the legal title, had not been made parties to the proceedings. The plea in abatement was not filed until after the expiration of ninety days from the notice of lien served by the complainant upon the Chickasaw Hotel Company.

Complainant then filed an amended bill to which all the original defendants were made parties, and the trustees under the mortgage of the Citizens' Street Railway Company were likewise made defendants. It was averred in the amended bill that this old mortgage had been satisfied; that the hotel company was estopped to rely on the existence of said mortgage as a defense; but the amended bill conceded that, if the old mortgage was valid and unsatisfied, complainant's lien would be subsequent to the lien of said mortgage, and the amended bill asked that the rights of the trus-

tees under the first mortgage be determined, and that, if it was found said mortgage was a valid prior lien, complainant be permitted to subject the equity of the hotel company to the satisfaction of his claim.

To this amended bill all the parties filed separate answers; all insisting that, inasmuch as the amended bill was not filed until more than ninety days after the statutory notice of lien was given by the complainant to the hotel company, the suit to enforce the lien was barred. The case was referred to a master, and proof taken upon the complainant's claim. The master made his report, which was slightly modified by the chancellor. The complainant was given a decree against the C. B. Barker Construction Company for the amount found by the chancellor to be due to him. The chancellor, however, was of opinion that the amended bill came too late, and that the plea in abatement was good and denied complainant's asserted lien upon the Chisca Hotel property.

The chancellor based his decree on that line of cases, which hold that the owner of the legal title as well as the owner of the equitable title must be made a party to suits in which it is sought to reach the equitable estate. *Lane* v. *Marshall,* 1 Heisk., 30; *Fulghum* v. *Cotton,* 6 Lea, 596; *Blackburn* v. *Clarke,* 85 Tenn., 506, 3 S. W., 505; *King* v. *Patterson,* 129 Tenn., 1, 164 S. W., 1191, and cases therein reviewed.

These cases will be referred to later.

Without for the present attempting to otherwise distinguish this controversy from the cases above

cited, we think they can have no application here by reason of the amendment made to the bill of complainant, by which amendment the trustees under the old mortgage of the Citizens' Street Railway Company were made parties.

The Tennessee statute with reference to the addition of new parties to a pending suit is in these words:

"At any time before trial, new plaintiffs or defendants may be added to the suit by the plaintiff, upon supplemental process taken out and served, and subject to such terms in regard to costs as the court may impose. If at the appearance term, it may be done without costs; if at any subsequent term, on such conditions as the court may prescribe, so as especially to prevent delay." Shannon's Code, section 4495.

It is true as a general rule, where new parties defendant are brought in by amendment, the statute of limitations continues to run in their favor until they are made parties; that is to say, the doctrine of relation, under which amendments are considered to have been made as of the date of the original suit, will not be applied so as to deprive any defendant of a substantial right. In other words, a defendant will not be made responsible for a proceeding of which he has had no notice. 25 Cyc., 1302; *Miller* v. *McIntyre*, 6 Pet., 61, 8 L. Ed., 320. See, also, *Flatley* v. *Railroad*, 56 Tenn. (9 Heisk.), 230.

If relief is sought against a party defendant, or if his interests are, in fact, involved, he cannot be prejudiced by the application of a fiction of the law. Such

a defendant may successfully interpose a plea of the statute of limitations when it is sought to bring his rights into jeopardy by an amendment to an existing action.

There is, however, another class of cases where the addition of new parties merely corrects a defect in the original proceeding. In these cases the statute of limitations may not be relied on, but the amendments are held to relate back to the institution of the suit.

We have several of these cases in Tennessee. In *Burgie* v. *Parks,* 11 Lea (79 Tenn.), 84, an amendment was allowed by which a coexecutor was made party to a suit theretofore brought against the other executor. The amendment came more than two years and six months after the qualification of the executors, but the statute of limitations was held not to be available to the executor brought in by said amendment. Likewise, in *Love* v. *Railroad,* 108 Tenn., 104, 65 S. W., 475, 55 L. R. A., 471, which was a suit by the administrator of one killed in a railroad accident, without averment of statutory beneficiaries, an amendment to the declaration was allowed more than twelve months after the accident, by which the statutory beneficiaries were brought in. This amendment was likewise held to relate back and the plea of the statute overruled. To like effect see *Brooks* v. *Brooks,* 12 Heisk. (59 Tenn.), 12.

There is less justification for a plea of the statute of limitations here than in any of the last cases mentioned.

This is not a case in which it is claimed the mechanic's lien had priority over the existing mortgage. There was no notice to the mortgagee or trustee, which the statute requires, in order to give precedence to the liens of the mechanics. Shannon's Code, section 3536.

The estate of the trustees could not have been affected in any way by the original proceedings, nor could it have been affected by these proceedings after the amendment. The amended bill asked that the rights of the trustees under the Citizens' Street Railway mortgage be determined, and, if it was found that said mortgage was a prior existing lien, that complainant be permitted to reach the equitable estate of the Hotel Company.

Under these circumstances we are of opinion that the trustees were not entitled to avail themselves of the limitation of ninety days prescribed by the statute for the institution of suits to fix mechanics' liens. This limitation is for the benefit of the owner of the property upon which it is sought to enforce the lien. Such limitation is not available to one against whom no relief is asked. The limitation is for the protection of property sought to be charged, not for the protection of an interest in no way involved.

We conclude therefore that the amendment by which the trustees under the old mortgage were made parties should be held to relate back to the beginning of the suits; that the trustees have no standing to invoke the ninety-day limitation, inasmuch as no relief

can be had against them, nor can their interests be affected by the proceedings.

In so far as the Chickasaw Hotel Company and the Barker Construction Company are concerned, these parties certainly have no right to insist on any statute of limitations.

It is well settled that bringing in new parties defendant by amendment does not extend the running of the statute of limitations in favor of the original defendants. The amendment relates back in so far as the original defendants are concerned and as to them the commencement of the suit arrests the running of the statute of limitations. No advantage accrues to original defendants by the bringing in of a new defendant.

It was held in *Harrison* v. *McCormack,* 122 Cal., 651, 55 Pac., 592, that an amendment to a complaint against a partnership which brings in an additional member of the firm not originally joined, while subject to the defense of the statute of limitations by the new defendant, does not change the action or introduce a new cause of action as to the original defendants nor let in the statute in their behalf.

In *Metropolitan Life Ins. Co.* v. *People,* 209 Ill., 42, 70 N. E., 643, it was held that there was no new cause of action brought in by an amendment which substitutes one party for another so far as the original party was concerned.

"Bringing in new parties defendant by amendment does not extend the running of the statute of limita-

tions in favor of the origial defendants to the time of
the amendment.   As to them the commencement of
the suit is the period at which the running of the stat-
ute is arrested.''   25 Cyc., 1303.

See, also, cases collected in note 3 L. R. A. (N. S.),
·306, and note 55, 25 Cyc., 1303.

It has been held in a number of cases that the gen-
eral contractor, who is a necessary party, may be
brought in by amendment after the expiration of
the statutory period in which suit to enforce the lien
of a materialman or subcontractor must be brought.
This is so because the general contractor is not the
party against whom the lien is to be enforced, and is
not interested in that phase of the litigation. _Green_.
v. _Clifford,_ 94 Cal., 49, 29 Pac., 331; _Western Sash,
etc., Co._ v. _Heiman,_ 65 Kan., 5, 68 Pac., 1080; _Cas-
serly_ v. _Waite,_ 124 Mich., 157, 82 N. W., 841, 83 Am.
St. Rep., 320.   And see other cases collected in note
81, 27 Cyc., 344.

These cases are analogous to the cases under con-
sideration, and their reasoning is applicable.   The
trustees under the mortgage of the Citizens' Street
Railway Company are no more interested in the en-
forcement of this lien than a general contractor
would be.

Inasmuch, therefore, as none of the parties defend-
ant are entitled to set up the plea of the statutory
period of limitations prescribed for mechanic's lien
suits, as against the amended bill, it follows that the
amendment must be held to relate back to the com-

mencement of the original suit. As amended by the addition of the new parties, these proceedings conform to all the requirements insisted on by the defendants.

We cannot agree that the attachment herein levied under the original bill can be treated as void in view of the amendment made to that bill.

Our statute provides that:

"The attachment law shall be liberally construed, and the plaintiff, before or during trial, shall be permitted to amend any defect of form in the affidavit, bond, attachment, or other proceedings; and no attachment shall be dismissed for any defect in, or want of, bond, if the plaintiff, his agent or attorney, will substitute a sufficient bond." Shannon's Code, section 5237.

There is no question in this case of any intervening attachments—attachments levied by others between the original bill and the amended bill. As seen before, no claim can be asserted against the interests of the new defendants. *Lillard* v. *Porter*, 38 Tenn. (2 Head), 177, *Watt* v. *Carnes*, 51 Tenn. (4 Heisk.), 532, and such cases are not in point.

The general rule as stated in Ruling Case Law with reference to amendments in attachment proceedings is as follows:

"Under the liberal statutes in force in many states the plaintiff will be allowed to correct defects and irregularities by amendment of the declaration or complaint. Defects in parties or a variance between

the names of the parties as stated in the attachment and the declaration or complaint may be cured in this manner. And defects in the form of declaring obviously may be cured by amendment, and neither subsequently attaching creditors nor bail can take advantage thereof. So an amendment changing the form of the action, merely, or adding a new count for the same, will not dissolve the attachment. Nor will the attachment be dissolved by an amendment which merely sets the cause forth with greater detail." 2 R. C. L., p. 851.

The original bill in this case sought to subject to complainant's debt the interest of the hotel company in the land attached upon the supposition that the hotel company owned the entire estate therein at the time complainant's lien accrued. The object of the amended bill was the same, but, inasmuch as part of the estate was asserted to be in the trustees of the old mortgage, the complainant asked that the rights of such trustees, the new defendants, be determined, and that the real interest of the hotel company, whatever it was, should be subjected to his claim.

Such an amendment is permissible, and does not affect the validity of the attachment nor the lien of the complainant. *Morrow* v. *Fossick,* 71 Tenn. (3 Lea), 129, is quite in point. In that case an attachment was levied on the property of a nonresident, and a plea in abatement was filed setting out that the property attached belonged to a firm of which the original defendant was a member, and not to the orig-

inal defendant himself.   The bill was then amended
so as to reach the interest of the original defendant
in the firm and the other members of the firm were
made parties.    This amendment was permitted by
the court.    The court held the property taken under
the original attachment and proceeded to determine
the rights of the parties.

To like effect see *Lookout Bank* v. *Susong,* 90
Tenn., 590, 18 S. W., 389; *Wilson* v. *Beadle,* 39 Tenn.,
(2 Head), 512.

The Chisca Hotel property was brought before the
court by the attachment levy, and the complainant's
amendment amounts to a mere release of his asserted
lien thereupon, in so far as the title of the trustees
is concerned.   A plaintiff who has attached a defend-
ant's effects, both at law and in equity, may be al-
lowed to dismiss his attachment at law and proceed
in equity.   *Magill* v. *Manson,* 20 Grat. (Va.), 527.

The defense made to the lien asserted for the com-
plainant is extremely technical.   It has often been
said in Tennessee that the mechanic's lien statutes
are to be liberally construed, and that technical nice-
ties of construction will not be allowed to defeat their
purpose.    *Williams* v. *Railroad,* 129 Tenn., 680, 688,
168 S. W., 160, and cases therein cited.

The rules announced in *Lane* v. *Marshall,* 48 Tenn.
(1 Heisk.), 30, that the equitable interest in land can-
not be reached unless the holder of the legal title is
made a party to the proceedings, and that proceed-
ings against the equitable title, in the absence of the

holder of the legal title, are ineffective, have been adopted in many of our cases. These cases are reviewed in *King* v. *Patterson,* 129 Tenn., 1, 164 S. W., 1191, and these rules again applied. These principles are too firmly embedded in our jurisprudence at this time to be shaken. However, none of the cases have involved the claims of mechanics asserting their statutory liens.

In this case it appears that the old trust deed executed by the Citizens' Street Railway Company has matured. All bonds have been paid off which were secured by this mortgage, except a few that cannot be located. Funds have been deposited in a New York bank to pay these scattering bonds outstanding, and advertisement has been made for the holders thereof. Several years ago the Memphis Street Railway took over the properties of the Citizens' Street Railway Company and assumed the indebtedness of the latter concern. The Memphis Street Railway made arrangements with the Central Trust Company of New York to take care of the bonds of the Citizens' Street Railway and collateral was deposited with the trust company to protect the bonds of the Citizens' Street Railway. So for a long while the bondholders of the Citizens' Street Railway Company secured by this old mortgage have been protected. For years such bondholders have had no real interest in this particular piece of realty involved in this suit. True, the trustees under the old mortgage held the legal title to secure the payment of the old bonds until all of said

bonds were satisfied, but, as a matter of fact, said bonds have been protected and arrangements perfected for their satisfaction long since.

Under such circumstances it would be highly inequitable to repel this lien claimant because of his original failure to name as defendants to his suit representatives of those having so little interest in the property sought to be charged. As a matter of fact, such defendants were little more than nominal defendants.

For the reasons stated, we are of opinion that the chancellor's decree, in so far as he denied complainant's lien, was erroneous. In that respect the decree will be reversed. There is no exception taken here to the amount found to be due the complainant. The cause will be remanded to the end that proper steps may be had for the enforcement of the complainant's lien.

There is no doubt but that an equitable estate may be subjected to a mechanic's lien, nor that the owner of such estate is the owner upon whom the statutory notice should be served by the subcontractor, when it is sought to charge the equity. *Gillespie* v. *Bradford,* 15 Tenn. (7 Yerg.), 168, 27 Am. Dec., 494; *Reid* v. *Bank of Tenn.,* 33 Tenn. (1 Sneed), 262; *Alley* v. *Lanier,* 41 Tenn. (1 Cold.), 540; *Daniel & Co.* v. *Weaver,* 73 Tenn. (5 Lea), 392; *Ragon* v. *Howard,* 97 Tenn., 334, 37 S. W., 136.

The levy is upon the same land, whether the equity or legal title be attached. The levy made, taken in

Niehaus v. Construction Co.

connection with the contents of the amended bill, and applying the doctrine of relation, is a valid levy upon the equitable interest of the Chickasaw Hotel Company in the property described.

The costs of appeal will be paid by defendants. Costs below will be taxed by the chancellor.