# CHARLESTON.

## BROWN v. SMITH

Submitted September 3, 1919.    Decided September 3, 1919.

1. MECHANICS' LIENS—*When Notice of Lien Sufficient.*

   In the notice given to the owner by a workman who has performed work on a building at the instance of the contractor, as required by clause (g), section 3, chapter 75, Code 1918, the omission of the word "dollars" in the statement of the amount which he claims to be due and for which he claims a lien is not material, when the amount is also stated in figures properly punctuated and preceded by the dollar mark. (p. 430).

2. SAME—*That Notice of Lien Contains Unnecessary Matter Does Not Vitiate it.*

   Such notice properly verified and recorded is a sufficient compliance with the statute requiring notice of his lien to be recorded if it contains, in substance, all the matters required by clause (b), section 3, of said chapter. The fact that it contains also the itemized account, not required in the recorded notice, does not vitiate it. (p. 431).

3. APPEAL AND ERROR—*Equity—Where Questions are Certified, Points not Raised are Reviewed.*

    A demurrer to a bill raises the question of its sufficiency for any reason apparent on its face, and where the demurrant states his grounds therefor, omitting to mention a material defect, and the court overrules the demurrer and certifies the questions decided by it for the decision of this court, this court will consider and pass upon the sufficiency of the bill, regardless of whether or not some particular point rendering it defective was decided by the lower court. (p. 432).

Case Certified from Circuit Court, Wood County.

    Bill by O. M. Brown against W. H. Smith to enforce a mechanic's lien. Demurrer overruled, and questions certified by the circuit court.

*Reversed; demurrer sustained.*

    *John W. Martin,* for plaintiff.
    *Levin Smith,* for defendant.

WILLIAMS, JUDGE:

    Plaintiff filed his bill to enforce a mechanic's lien against certain property of defendant, and the bill was demurred to on the following grounds: First, because the lien set up does not show that plaintiff is entitled to a lien for the amount of money claimed by him, the notice given and exhibited with the bill omitting the word ''dollars'' in the statement of the amount claimed as a lien; and, Second, because the recorded notice of lien is not according to the form prescribed by the mechanic's lien statute. The court overruled the demurrer and, under the provisions of section 1, chapter 135 of the Code, certified these questions to this court for its decision.

    Neither point stated in the demurrer is well taken. The bill alleges that plaintiff performed labor for one J. K. Atkinson, who had contracted with defendant to erect a building on defendant's lot situated on the corner of Columbia and Smithfield streets in the City of Parkersburg, and exhibited with his bill the notice which he alleges he

gave the owner, pursuant to the provisions of the mechanic's lien statute. That notice contains an itemized account showing the dates and numbers of hours each day that he performed labor on said building and the wage per day, aggregating the sum which he claims as a lien. He also alleges that he caused a notice of said lien to be recorded in the office of the clerk of the county court of Wood county, within the time prescribed by the mechanic's lien law.

A duplicate of the notice served upon defendant was apparently the notice recorded in the clerk's office, and it. is claimed by defendant's counsel that the statute provides for the recordation of a different notice from the one served upon the owner. Clause (b), section 3, chapter 75, prescribed the form of notice of lien and verification, thereof to be recorded. The notice in this case is almost in the very language of the form prescribed, the only difference being that it contains the itemized account, which the recorded notice need not contain. It is, in substantial effect, a compliance with the statute, and that is all that is necessary. The matter contained in it, not required to be stated, may be treated as surplusage. It states the amount for which a lien is claimed to be $234.20, and that it has not been paid. It describes the property on which the lien is claimed as a "certain building on the real estate owned by (defendant) situated in the City of Parkersburg, County of Wood, West Virginia, on the corner of Columbia and Smithfield streets, and being what is known as lot No. 48 of J. M. Jackson Jr., Addition to the City of Parkersburg, as shown in the plat book thereof recorded in the County Clerk's Office of the said Wood County in Plat Book 42 Page 27. The said lot fronting 46 feet more or less on Smithfield street and running back along Columbia street of equal width about eighty (80) feet, and being a part of the same real estate conveyed to (defendant) by I. M. Adams, Jr., by deed bearing date on the 13th of March 1917, and of record in the said Clerk's Office of Wood County in Deed Book 167, Page 625," and is verified in the manner and form required by statute. It was not necessary that the notice should have contained any further de-

scription of the building on which the labor was performed, as plaintiff's lien covered the defendant's interest in the entire lot 46x80 feet, on which the building stands, by virtue of clause (f), section 2, chapter 75, Code 1918.

. But there appears on the face of the bill a fatal defect to which the court's attention was evidently not directed, and we are of the opinion that section 1, chapter 135, Code, authorizing questions relating to the sufficiency of a summons or return thereof, or of the pleadings to be certified to this court for its decision, being designed by the legislature to enable litigants to have all questions relating thereto settled and determined before a trial or hearing of the cause upon its merits, is entitled to a liberal construction, being a remedial statute, and authorizes this court to consider all questions affecting the sufficiency of the pleadings, even though they were not called to the attention of the lower court and were not specifically certified. The demurrer reaches any defect appearing on the face of the bill although the ground assigned fails to mention it, and the certificate brings up the question of the sufficiency of the bill. The plaintiff failed to make the principal contractor, J. K. Atkinson, a party to his bill, and this is the defect to which we refer. Such omission, we held in *Augir* v. *Warder,* 74 W. Va. 103, and *Gist* v. *Virginian Railway Co.,* 79 W. Va. 167, to be fatal. For this reason the demurrer should have been sustained and plaintiff allowed to amend. We, therefore, reverse the decree of the lower court and direct our decision to be certified back to the circuit court of Wood county.

*Reversed; demurrer sustained.*