[L. A. No. 14669. In Bank.—December 17, 1935.]

DOROTHY J. REID et al., Respondents, v. A. F. MERRILL et al., Appellants.

John L. Mace for Appellants.

Meserve, Mumper, Hughes & Robertson and William Larrabee for Respondents.

WASTE, C. J.—Action to foreclose a mortgage. It was alleged in the complaint that the due date of the note was September 25, 1932. The answer admitted the allegations of the complaint, except that of the due date, and in that behalf alleged "that said promissory note was, and was agreed to be, for a term of five years from September 15, 1929"; in other words, that it fell due two years after the date alleged in the

complaint. As a first and affirmative defense, and also by way of a cross-complaint for reformation of the promissory note, the defendants pleaded facts to the effect that defendants and Alice Craig Stone entered into an agreement in writing that the said Alice Craig Stone would loan the defendants the sum of money involved, the amount to be represented by a promissory note of the defendants, secured by a mortgage, with a maturity date of September 15, 1934; that Alice Craig Stone prepared a promissory note and mortgage which were signed and executed by the defendants at the instance and request of Alice Craig Stone, the defendants believing and relying upon the representations made by Alice Craig Stone "that the promissory note and mortgage conformed to the written agreement of the parties relative to the term of the promissory note; that in fact the promissory note so executed by defendants was made for a term of three years by the said Alice Craig Stone with knowledge of said agreement that the term thereof would be for a period of five years, and with intent to deceive and defraud said defendants".

The defendants in their cross-complaint referred by appropriate numbers to the allegations of the first affirmative defense of the answer, "and by [such] reference incorporates and alleges the same [in the cross-complaint] as fully as though said paragraphs were set forth [therein]." It was further alleged in the cross-complaint that "by mutual mistake of the parties" the note was made to mature on September 15, 1932, instead of on September 15, 1934. Without, for the moment, considering the sufficiency of the cross-complaint, we are of the view that the allegations of the first affirmative defense thus referred to and incorporated in the cross-complaint must be considered as part of that pleading. (*Green* v. *Clifford,* 94 Cal. 49, 52 [29 Pac. 331] ; *Treweek* v. *Howard,* 105 Cal. 434, 442 [39 Pac. 20].) Considered, then, as a whole, does the cross-complaint state a cause of action against respondents [plaintiffs] ? In answering this question, the fact must be kept in mind that Alice Craig Stone, the payee named in the note, is not named as, and is not made, a party to the action. Our study of the pleadings leads us to the conclusion that it does not. The persons against whom the allegations of the cross-complaint are directed (presumably, of course, the plaintiffs) are not named, either directly or by inference. Who are the present owners of the note and mort-

gage does not appear. The acts complained of are acts committed by Alice Craig Stone, not a party to the action, who loaned the money and who is alleged to have caused the wrong due date to be inserted in the note "with intent to deceive and defraud" the defendants. No other specifications of fraud are contained in the cross-complaint. It in no way appears against whom the defendants seek reformation of the promissory note. It does not even appear, other than inferentially, that the plaintiffs have any interest in the note, and the extent of their interest, if there is any, does not appear. No connection or relation whatever between Alice Craig Stone and plaintiffs is alleged; nor can it be inferred from what is alleged. From these observations concerning its allegations, it follows that the cross-complaint must fall for the reason that it is not sustainable on its own allegations of fact. (*Coulthurst* v. *Coulthurst*, 58 Cal. 239.) It does not contain the requisite facts.

At the instance of the defendants, the default of plaintiffs for failure to answer the cross-complaint was entered. This action was not called to the attention of the court or plaintiffs until after trial was had on the merits, and which resulted in a judgment and decree foreclosing the mortgage. On discovery of the entry of default, the court, on motion of the plaintiffs, set aside the default, and refused to require the plaintiffs to file answer or demurrer thereto. Defendants appeal from the judgment, from the order setting aside the default, and from an order denying a new trial.

There is no merit in any of the appeals. The findings of the trial court show that no interest was paid on the note for one year and a half before the action to foreclose was commenced. No part of the principal was paid, although judgment was not had and entered until after the date of the payment of the note alleged by the defendants. Assuming the defendants had sufficiently pleaded the facts attempted to be set up as a cross-complaint, the trial court held in favor of the plaintiffs, and expressly found that the defendants promised and "agreed in all respects as recited and set forth in said note", and "in particular . . . agreed to pay to Alice Craig Stone, . . . or her order . . . the sum of $8,500 three years after September 15, 1929", with interest. The court also expressly found there was no agreement or intention that the due date of the note should be other than as pleaded in the

complaint. There are, therefore, complete findings in favor of the plaintiffs on all the facts which defendants attempted to allege as affirmative defense and by way of cross-complaint.

The cross-complaint failing to state facts amounting to a cause of action against the plaintiffs, the plaintiffs were not called upon to plead to it. It was therefore not error for the trial court, after the trial and judgment on the merits, to vacate the default entered, without requiring the motion to set aside to be accompanied by an answer or other pleading. (Code Civ. Proc., sec. 473.)

The matter pleaded by the defendants, identical with the allegations of the purported cross-complaint, had all the infirmities of that pleading, and did not meet the requirements for an affirmative defense. The trial court, therefore, correctly refused to admit any evidence in support of issues thereby sought to be raised.

The judgment and order appealed from are, and each is, affirmed.

Seawell, J., Thompson, J., Shenk, J., Curtis, J., and Langdon, J., concurred.