WESTINGHOUSE ELECTRIC SUPPLY COMPANY, a corporation of the State of Delaware, v. FRANKLIN INSTITUTE OF THE STATE OF PENNSYLVANIA FOR THE PROMOTION OF MECHANIC ARTS, a corporation of the State of Pennsylvania.

(*March* 20, 1941.)

TERRY, J., sitting.

*Ivan Culbertson* for plaintiff.

*Thomas Herlihy, Jr.,* for defendant.

Superior Court for New Castle County, Mechanics' Lien, No. 47, March Term, 1941.

Terry, Judge.

■ It should not be contended that a subcontractor can sue an owner under our Mechanics' Lien statute and not make the general contractor a party defendant, especially under the statement of claim as herein filed by the plaintiff. No privity of contract exists between the owner and the subcontractor. The general contractor is the link which connects the owner and the subcontractor. It is manifestly unjust to an owner against whom our statute operates with sufficient hardship, if properly and fairly construed, that, apart from the general contractor, he should be forced to defend against a claim of a subcontractor of which he may know nothing.

*Iannotti v. Kalmbacher,* 4 *W. W. Harr.* (34 *Del.*) 600, 156 *A.* 366: The Court therein held, under facts similar to the facts in this case, that the final determination of the claim of the subcontractor is, in effect, an adjudication of the rights of the main or general contractor, and under the terms of the statute the owner is entitled to retain and withhold from the general contractor so much of the amount due to him under the original contract as may be necessary to discharge the lien of the subcontractor, and necessarily, therefore, the final settlement between the owner and the general contractor will depend upon the amount of liens obtained by a subcontractor. The general contractor not being made a party to the proceedings, and not being served with the writ had not had his day in Court under the proceedings.

■ The mere fact that the general contractor in this case was not made a party defendant under the caption as set forth in the statement of claim is of no consequence, as the creation of essential parties does not originate until the praecipe is filed, upon which the writ of *scire facias* is duly issued. *Iannotti v. Kalmbacher, supra.*

The parties are in agreement that the writ of *scire facias* was issued and service made thereon in accordance with the praecipe filed by the plaintiff.

I now reach the interesting question concerning the motion of the plaintiff to amend its writ of *scire facias* by including Sheppheard & Company, the general contractor, as a necessary party defendant.

The authorities are somewhat divided regarding the right to amend, after the limit prescribed in the statute for the filing of the statement of claim has passed, as in this case now before me.

The cases concluding that the power to amend exists and should be granted universally hold that the granting of such an amendment does not constitute a departure from the necessary original averments to be set forth in the statement of claim, and that such an amendment could not prejudice the owner. On the contrary, should be construed to be beneficial to such owner. Further, that such an amendment does not relate to a matter which was essential to show the plaintiff's cause of action. Rather, it merely includes a necessary party who had been omitted, and whose interest in the litigation appeared in the statement of claim as filed by the plaintiff. *Casserly v. Wayne Circuit Judge,* 124 *Mich.* 157, 82 *N. W.* 841, 83 *Am. St. Rep.* 320; *Green v. Clifford,* 94 *Cal.* 49, 29 *P.* 331; *Sash & Door Co. v. Heiman,* 65 *Kan.* 5, 68 *P.* 1080; *Augir & Co. v. Warder,* 74 *W. Va.* 103, 81 *S. E.* 708; 40 *C. J.* 395.

The cases which hold that the power to amend does not exist are based upon the theory that the statute creating the right to file a Mechanics' Lien is for the benefit of the plaintiff and often works extreme hardships upon the owner, the reason for this statement being obvious, and that the burden is on the plaintiff to show he has complied

with the conditions upon which the statute makes the continued existence of the lien depend, and, if the action is not commenced as to the contractor until after the limit has expired, it could not be construed to be commenced as contemplated by the statute, and that such limitation in the statute places a limitation on the existence of the lien rather than a period of repose to bar such actions. *Fury v. Boeckler*, 6 *Mo. App.* 24; *Bombeck v. Devorss*, 19 *Mo. App.* '38; *Simpson v. J. W. Black Lumber Co.*, 114 *Ark.* 464, 172 *S. W.* 883; 75 *A. L. R.* 713.

Under our statute, Section 3324 of the *Revised Code* of 1935, a subcontractor, in collecting his claim, may proceed in either one of two ways. He may bring a personal action against the contractor, or he may proceed against the property by filing his statement of claim. If he proceeds against the property, for the purpose of establishing a Mechanics' Lien, his action unquestionably sounds in rem, and the effect of his judgment as a lien upon the property involved.

In the case before me, the plaintiff has proceeded to establish its lien under the statute, and any judgment rendered under such a proceeding could not be construed to be a personal judgment against the general contractor, even if he had been joined as a party defendant in the beginning.

As to whether or not the application to amend was made in due course, that is, prior to the return day of the writ, is not before me. The question, as directed, concerns the application to amend the writ after the return date thereof, and subsequent to a time that an original Mechanics' Lien action could be commenced under our statute.

I am of the opinion that an application to include the general contractor as a party defendant should

be granted, even though the application is not requested until after the time limit has expired for filing an original Mechanics' Lien action. An application of this nature would not necessitate a departure from the necessary original averments to be set forth in the statement of claim, and the owner could not be prejudiced thereby. Further, the general contractor would have his day in Court.

■ The correct procedure to be adopted presents an interesting question, since the return date of the writ of *scire facias* has passed. Necessity in this case does not demand that I pass upon the question as to whether or not a writ of *scire facias* after the return date thereof can be amended by including the general contractor as a party defendant, as one of two other courses can be adopted. First, an order to stay the proceedings and direct a writ of *scire facias* commanding the appearance of the contractor at a date designated therein, or secondly, to order the issuance of a rule directed to said general contractor returnable within a reasonable time and before final adjournment of the March Court to show cause why he should not be brought in and made a party defendant to these proceedings.

Even though the power to amend the writ of *scire facias* under certain circumstances does exist, yet, I seriously question such procedure, the effect of which would be to include a new party defendant after the return date thereof has passed. As to the two remaining courses, I prefer the issuance of a rule to show cause why the general contractor should not be made a party defendant to these proceedings.

Upon proper application, I will order the issuance of a rule, in accordance with the conclusions herein set forth.