Louis Cohen and Norman Cohen, Trading as "Art Craft Electric Supply Co.", a partnership of the State of Maryland, Plaintiffs, v. Delmar Drive-In Theatre, Inc., a corporation of the State of Delaware, Defendant.

---

428

(*November* 5, 1951.)

HERRMANN, J., sitting.

*Daniel J. Layton, Jr.*, for Plaintiffs.

*James M. Tunnell, Sr.*, for Defendant.

Superior Court for Sussex County, No. 315, Civil Action, 1950.

HERRMANN, J.:

This cause having come on for trial before the Court, trial by jury having been waived by the parties, and the evidence adduced by the parties having been duly considered, the Court makes the following:

### Findings of Fact.

1. During the period December 13, 1949 to March 13, 1950, the defendant was the owner of an outdoor theatre then being constructed.

2. The defendant had entered into a general contract with a builder, not party to this action, for the construction of the theatre.

3. During the period aforesaid, the plaintiffs furnished certain materials which were used in the construction of the theatre.

4. The materials furnished by the plaintiffs were delivered upon the order and credit of the builder or of a subcontractor, likewise not party to this action.

5. The materials furnished by the plaintiffs were not sold to the defendant nor were they delivered upon the credit of the defendant.

6. The defendant did not promise to pay the plaintiffs for the materials furnished.

7. The defendant has made full and complete payment to the builder pursuant to the general contract for the construction of the theatre.

From the foregoing Findings of Fact, the Court reaches the following:

*Conclusions of Law.*

1. No contractual relationship existed between the plaintiffs and the defendant.

2. In the absence of an express contract between them, there was no privity between the plaintiffs and the defendant. *McNulty v. Keyser Office Bldg.,* 112 *Md.* 638, 76 *A.* 1113.

3. A materialman, as subcontractor, may not recover a personal judgment against a property owner in the absence of a contract between them. *Volker-Scowcroft Lumber Co. v. Vance,* 36 *Utah* 348, 103 *P.* 970, 24 *L. R. A.* (*N. S.*) 321; 17 *C. J. S., Contracts,* § 370; 9 *Am. Jur. p* 21; *c. f. Westinghouse Electric Supply Company, etc. v. Franklin Institute, etc.,* 2 *Terry* 319, 21 *A.* 2d 204.

4. A materialman who, as subcontractor, furnishes materials upon the order and credit of a general contractor or

of another sub-contractor, cannot recover in an action *in personam* against the owner upon the basis of implied contract arising from the receipt and acceptance of the benefit of the materials furnished. *Chatfield v. Fish,* 126 *Conn.* 12, 10 *A.* 2d 754; 17 *C. J. S., Contracts,* § 370.

5. The plaintiffs are not entitled to recover from the defendant in this action.

Let the Prothonotary enter judgment in favor of the defendant for costs.